## Richmond.

## EX-PARTE MALLORY.

### January 24, 1918.

1. STATUTES—*Repeal by Implication—Commitment of Minors—Children's Home.*—Chapter 289, Acts 1910, page 434, in regard to the commitment of minors, is repealed by implication by chapter 350, Acts 1914, page, 696.

2. INFANTS—*Custody of Children—Acts 1914, Chapter 350.*—An order of the Juvenile and Domestic Court of the city of Richmond committed certain children to the Children's Home Society of Virginia. The children were not charged with any criminal offense when the order was entered, but only with being dependent and neglected children. They were taken from the home of the petitioner, their father in *habeas corpus* proceedings, during his temporary absence, and the charge was inquired into and the order entered without any notice whatever to the father of the proceedings, or other procedure required by the statute in order to dispense with such notice.

   *Held:* That, because of the lack of such notice and in the absence of the other procedure required by the statute, the court below had no jurisdiction to hear and determine the case, and hence the said order was void as against the petitioner and his legal right to the custody of his children.

3. INFANTS—*Commitment under the Act of 1914, page 696—Habeas Corpus—Appeal.*—If substantially the proceedings prescribed by chapter 350, Acts 1914, page 696, had been followed in the instant case, and if notice thereof had been given to the petitioner, the father of the children, the lower court would have had jurisdiction to proceed with the case and to have entered the order committing the children to the custody of the Children's Home Society of Virginia, and although there might have been error therein, such error could not have been inquired into or reviewed by the Supreme Court of Appeals in a proceeding by application for a writ of *habeas corpus*, but only by appeal from such order.

Petition for a writ of *habeas corpus*.

*Awarded.*

The opinion states the case.

*P. A. L. Smith* and *R. W. Ivey,* for the petitioner.

*S. S. P. Patteson,* for the respondent.

Per Curiam:

The Children's Home Society of Virginia relies upon an order of the Juvenile and Domestic Court of the city of Richmond, committing the custody and control of the children named in the petition, to legalize such custody. The children were not charged with any criminal offense when such order was entered, but only with being dependent and neglected children, as appears from said order. The proceeding was in fact instituted by a warrant issued by a justice of the peace, upon complaint and information on oath before him made by one H. F. Sweet that the children aforesaid were "exposed to vicious and immoral influences and all minors under the age of 18 years," and seems to have been issued under the supposed authority of chapter 289, Acts 1910, p. 434. That act, however, was repealed by implication by chapter 350, Acts 1914, p. 696. The procedure provided by the latter statute for such commitment of such children, not charged with any criminal offense, is as follows, namely: that upon the filing of a petition by any probation officer or other respectable person, "a summons shall issue requiring the person having custody or control of the child, or with whom the child may be, to appear immediately with the child at a place stated in the summons. The parent or guardian, or if there be neither, then a relative of such child, if the residence of such relative be known, shall be notified of the proceedings, and in any case the judge may appoint some suitable person to act in behalf of the child. * * * In case the summons cannot be served, or the party served fails to obey the same,

or in any case, when it is made to appear to the court that such summons will be ineffectual, a warrant may issue on the order of the court, judge or justice, either against the parent or guardian, or the person having custody of the child, or with whom the child may be, or against the child itself. On the return of the summons or other process, or as soon thereafter as may be, the court shall proceed to hear and determine the case in a summary manner." Section 8. If substantially such proceedings had been had in the instant case, and if notice thereof had been given to the petitioner, the father of said children, the said court would have had jurisdiction to proceed with the case and to have entered said order, and although there may have been error therein, such error could not have been inquired into or reviewed by us in a proceeding before us by application for a writ of *habeas corpus,* but only by "appeal" from such order. But the record before us shows that the children were taken from the home of the petitioner, their father, during his temporary absence; that the charge aforesaid was inquired into by the court and the order aforesaid was entered without any notice whatever to the father of the proceedings, or other procedure required by the statute in order to dispense with such notice.

We are, therefore, of opinion that because of the lack of such notice and in the absence of the other procedure required by the statute, the court below had no jurisdiction to hear and determine the case, and hence that the said order was void as against the petitioner and his legal right to the custody of his children.

No issue is made, nor was any evidence introduced by the Society to the effect that the facts are such that from the standpoint of the welfare of the children the legal right of the father to the custody of the children is superseded. The said Society rests its claim to the custody of the children solely on the validity of said order.

We are, therefore, of opinion to grant the prayer of the petition, and an order of this court will be accordingly entered to have the same force and effect as if a formal writ were issued.

*Awarded.*