*In re* PETROVICH.

PETROVICH *v.* SOCIETY OF ST. VINCENT DE PAUL.

1. PROBATE COURTS—JUVENILE DIVISION—JURISDICTION—PROCESS—
   DEPENDENT AND NEGLECTED CHILD.
   - Where, in *habeas corpus* proceedings by a mother against
     a society for the care of dependent and neglected children,
     it appeared that in proceedings before the juvenile division
     of the probate court no service of summons was had
     upon the mother, as required by 1 Comp. Laws 1915,
     § 2015, the court properly held that the probate court
     was without jurisdiction, and that its action in deter-
     mining that the child was a dependent and neglected
     child and committing her to the care of defendant society
     was void.

2. SAME—COURTS, INFERIOR AND SUPERIOR—JURISDICTION.
   - The question as to whether the probate court is a
     superior or inferior court within the meaning of our Con-
     stitution and laws, *held,* immaterial, in view of the fact
     that the trial court had before it the files and records
     of the probate court showing upon their face a lack of
     jurisdiction, which would be sufficient to avoid the pro-
     ceedings in any court.

3. SAME—RECORDS OF PROBATE COURT—CERTIORARI— EVIDENCE —
   APPEAL AND ERROR.
   - That no writ of certiorari was issued by the trial court
     to bring the records and files of the probate court into
     the circuit court is unimportant, where they were before
     the trial court, appellants' counsel himself offering them
     in evidence.

Certiorari to Wayne; Goff (John H.), J.  Sub-
mitted October 26, 1922.  · (Docket No. 84.)  Decided
March 22, 1923.  Rehearing denied June 21, 1923.

*Habeas corpus* proceedings by Margaret Petrovich
against the Society of Saint Vincent de Paul of De-

On validity of adoption without consent of natural parents,
see note in 30 L. R. A. (N. S.) 146.

troit and another for the custody of an infant daughter. From a judgment for plaintiff, defendants bring certiorari. Affirmed.

*M. Hubert O'Brien,* for appellants.

BIRD, J. In 1919 Margaret Petrovich lived with her daughter Agnes and two other children in the city of Detroit. Differences arose between her and her husband and he went away. Learning that he was at some point in the State of Ohio she left her children in care of a Russian family, and went to search for him. When she returned she could not find her children. After some inquiry she learned that the defendant society, whose object was to look after dependent and neglected children, had taken them. After a time she secured a return of two of her children, but the defendant refused to release Agnes. After making many unsuccessful efforts to secure the custody of Agnes, she employed counsel and filed a petition in the Wayne circuit court for a writ of *habeas corpus.* The matter came to a hearing and petitioner established the fact that she was the mother of the child and that the custody of Agnes had been granted to her by the Wayne circuit court in a divorce proceeding. She also established the fact that her residence was in Wayne county.

Defendant society sought to justify its refusal to surrender the child because of certain proceedings had in the juvenile division of the probate court adjudging the child a dependent and neglected child, and committing her to the care of the defendant society. It was shown by the society that after a period of probation it had placed Agnes in the family of Mary DeVoy, and that an adoption had taken place and the child's name had been changed to Alice DeVoy. The records and files of the proceedings in probate court were offered in evidence by counsel representing de-

fendants. The files disclosed a summons directed to the parent or the mother, but there was no return indorsed thereon. At the conclusion of the proofs the trial court found as a fact that the petitioner, Margaret Petrovich, was a resident of Wayne county when the proceedings were had in probate court. It was conceded that no service of the summons was had upon her. The commitment of Agnes by the probate court was found invalid because the provision of the statute in such cases had not been followed, in that no summons had been served on petitioner, the child's mother. The proceedings are in this court for review on a writ of certiorari.

The findings of fact of the trial court that Margaret Petrovich was the mother of the child, and was a resident of Wayne county at the date of the proceedings, were amply supported by the testimony, and, as we understand, is not seriously denied. The further fact as shown by the probate court files and the testimony of petitioner that no summons or notice was served upon the mother was also found by the trial court. The conclusion of law reached by the trial court that the proceedings in probate court were void because of the want of service of the summons is supported not only by the statute but by the holding of this court (1 Comp. Laws 1915, § 2015; *In re Paulson,* 212 Mich. 502).

In the case cited, where a similar question was involved, it was said:

"Section 2015 in plain terms requires a summons to be issued, setting up the substance of the charge and the time and place of hearing. If the parents have the custody of the child, the summons must be served on them. If the child is in the custody of another, then notice must be served on the parents. Both of these statutory requirements are jurisdictional, but neither of them appear from the record to have been complied with."

222—Mich.—6.

Counsel has prepared an elaborated brief discussing the question whether the probate court is an inferior court or a superior court within the meaning of our Constitution and laws. This was done for the purpose of elaborating the distinction between the presumptions of jurisdiction which arise in a superior court and in an inferior court.

He states the distinction, as follows:

"I understand the rule of presumption of jurisdiction to be that in the case of a superior court this jurisdiction is protected against collateral attack unless the records show affirmatively a lack of jurisdiction, while in the case of inferior courts such records must, as a general rule, show jurisdiction affirmatively to justify such immunity."

If it were important it could be said that *Mitchell* v. *Bay Probate Judge,* 155 Mich. 550, is an answer to his contention that the probate court is a superior court, but it will be of no avail in this controversy to enter upon a discussion of that question, because the trial court had before him the files and records of the probate court, and he determined that they showed upon their face a lack of jurisdiction in that the summons required by the statute had never been served, and that no attempt had been made to serve it. This finding would be sufficient to avoid the proceedings in any court.

It is said by counsel that no writ of certiorari was issued by the trial court to bring the records and files of the probate court into the circuit court. This is not important. They were before the trial court and counsel himself offered them in evidence.

The trial court was right in its conclusion and the writ of certiorari must be dismissed.

WIEST, C. J., and FELLOWS, McDONALD, CLARK, SHARPE, and STEERE, JJ., concurred. MOORE, J., did not sit.