OVERSMITH *v.* LAKE

1. INFANTS—NEGLECTED CHILDREN—STATUTES.

    The statute regulating the treatment and control of neglected children is designed to protect the natural right of parents to the custody of their children subject to judicial control only when the safety or interests of the child demand it (3 Comp. Laws 1929, § 12838).

2. SAME—NEGLECTED CHILDREN—COMMITMENT—NOTICE TO PARENTS —JURISDICTION.

    Under statute regulating the treatment and control of neglected children, the requirement that notice to the parents be given before hearing on commitment of such children is jurisdictional (3 Comp. Laws 1929, § 12838).

3. FALSE IMPRISONMENT—NEGLECTED CHILDREN—NOTICE TO PARENTS
—CIVIL LIABILITY OF WELFARE AGENTS.

County welfare agent and matron of county juvenile deten-
tion home who did not comply with statutory provisions as
to proceedings for commitment of neglected children by fail-
ing to give notice of hearing relative to commitment to
father of six minor children with whom they were living
and then took the children into custody for upwards of a
month were liable for their abduction, false arrest and
imprisonment (3 Comp. Laws 1929, § 12838).

4. APPEAL AND ERROR—STIPULATION—DAMAGES—WORRY—NERVOUS
SHOCK—QUESTIONS REVIEWABLE—EVIDENCE.

Contention that trial court awarded damages for father's
"great grief, worry, humiliation, and anxiety and pain
of body and mind" and for the "element of nervous shock"
in father's action against county welfare agent and matron
of county juvenile detention home for abduction, false arrest
and imprisonment of plaintiff's six minor children is not
considered in view of absence of testimony in the record
and stipulation that damages would not be considered as
involved in event an appeal was taken.

5. STIPULATIONS—QUESTIONS REVIEWABLE ON APPEAL—DAMAGES.

Stipulation that on review of case the amount of damages as
fixed by the judgment is not involved forecloses further
consideration of the question.

Appeal from Eaton; McPeek (Russell R.), J.
Submitted October 16, 1940. (Docket No. 82, Cal-
endar No. 41,222.) Decided December 10, 1940.

Case by Glenn Oversmith against Glenn A. Lake
and Nellie A. Marshall for damages for abduction,
false arrest, and imprisonment of plaintiff's minor
children. Judgment for plaintiff. Defendants ap-
peal. Affirmed.

*L. W. Beardsley* (*N. A. Cobb* and *Roger H. Niel-
sen*, of counsel), for plaintiff.

*Rosslyn L. Sowers*, for defendants.

BUTZEL, J. Plaintiff brought this action for damages for the abduction and false arrest and imprisonment of his six minor children. The trial court, sitting without a jury, concluded from the stipulated facts and evidence that plaintiff was entitled to judgment for $150. Because a question of probate practice is involved, we granted leave to review the judgment.

The dispute arises out of a purported proceeding by defendants under Act No. 6, Pub. Acts 1907 (Ex. Sess.) (3 Comp. Laws 1929, § 12834 *et seq.* [Stat. Ann. § 25.291 *et seq.*], repealed by the probate code of 1939, Act No. 288, Pub. Acts 1939), to have plaintiff's children committed as "neglected" children. On December 2, 1938, a petition for investigation was filed in the juvenile division of the probate court of Eaton county alleging that the minor children of plaintiff were dependent and neglected. Defendant Lake, county welfare agent, was directed to investigate the matter, and he filed a report on December 14th, in which he recommended a hearing on the case. On the same day a summons was issued to defendant Marshall, matron of the Eaton county juvenile detention home, commanding her to appear before the court with the children on December 20th. At that time the children were in their father's custody. He never was served with any summons directing him to appear before the court, but the probate court did order that a copy of the summons issued to defendant Marshall be served on plaintiff at least two days before the hearing set for December 20th. This copy was actually served on December 15th. Defendants claim that at the time the summons and copy were issued and ordered to be served, the judge of probate orally directed them to take the children into custody, and on the next day, December 15th, they entered plaintiff's premises,

served the copy of the Marshall summons on plaintiff and took the children into custody. On January 25, 1939, the probate court ruled that it did not have jurisdiction over the children, and ordered the petition dismissed. On June 3, 1939, after the instant suit was started, the probate judge entered a written order *nunc pro tunc* to the same effect as the oral order of December 14, 1938. The oral order upon which defendants acted was not based upon any affidavit or testimony under oath. The suit before us is founded on the alleged wrongful assumption of custody of the children.

The statute is carefully designed to protect the "natural right" of parents "to the custody of their children, subject to judicial control only when the safety or interests of the child demand it." *Burkhardt* v. *Burkhardt,* 286 Mich. 526. The letter of the statute (3 Comp. Laws 1929, § 12838 [Stat. Ann. § 25.295]) contemplates that a summons shall be served on the "person having custody or control of the child, or with whom the child may be," in which summons shall be recited the substance of the petition, and it shall command the appearance of the custodian with the children at a stated time and place. Provision is made for publication of the notice if the parents or guardians are nonresidents of the county or cannot be found, and in the event the summons cannot be served or the parties fail to obey it, "and in any case upon the filing of the sworn petition when it shall appear to the court from affidavit on oath and in writing, or from the testimony taken in open court that such summons will be ineffectual or that it will be for the immediate welfare of the child," a writ may issue to require an officer to bring the child before the court. Manifestly, defendants did not comply with the statute by making the proper showing at any time before

taking charge of the children. It has been held that the statutory requirement of notice is jurisdictional. *Goodchild* v. *Foster*, 51 Mich. 599; *In re Paulson*, 212 Mich. 502; *In re Petrovich*, 222 Mich. 79; *In re Baby Petty*, 224 Mich. 675. A like rule obtains in other jurisdictions. *Sinquefield* v. *Valentine*, 159 Miss. 144 (132 South. 81, 76 A. L. R. 238). See annotation, "Right of parent to notice and hearing before being deprived of custody of child," 76 A. L. R. 242. Even if we were to accept as effective the oral order of the probate court, or the curative written order of June, 1939, there is no showing that either was based on "affidavit on oath and in writing, or from testimony taken in open court" to the effect that the summons would be ineffectual or that immediate custody would be for the "immediate welfare of the child." The probate court itself ruled that jurisdiction had not been acquired and it dismissed the proceeding. Defendants did not colorably comply with the requirements of the statute which permits deprivation of custody only on judicial intervention, and therefore they did not obtain the privilege which would be theirs had they substantially complied with the law.

"One who, without a privilege to do so, abducts a minor child   *   *   *   is liable to the parent, who is legally entitled to the child's custody." 3 American Law Institute, Restatement, Torts, p. 502, § 700.

See the excellent opinion by Kellogg, J., covering English and American authorities, in *Pickle* v. *Page*, 252 N. Y. 474 (169 N. E. 650, 72 A. L. R. 842), and annotation in 72 A. L. R. 847.

Defendants complain of the trial court's award of damages for plaintiff's "great grief, worry, humiliation, and anxiety and pain of body and

mind" and for the "element of nervous shock." We decline to consider this question, as no testimony is set forth in the record, but there is included a statement by the trial court that counsel agreed that "on review of said cause in the higher court, the amount of damages as fixed by the judgment is not involved." This stipulation forecloses further consideration of the question. See *Thompson* v. *Walker*, 253 Mich. 126.

The judgment is affirmed, with costs to plaintiff.

BUSHNELL, C. J., and SHARPE, CHANDLER, NORTH, McALLISTER, and WIEST, JJ., concurred. BOYLES, J., did not sit.