STATE OF NEBRASKA, APPELLEE, V. JAMES ANDERSEN, A MINOR CHILD UNDER 18 YEARS OF AGE, ET AL., APPELLANTS.

68 N. W. 2d 146

Filed January 14, 1955. No. 33657.

William L. Walker and Earl Ludlam, for appellants.

Clarence S. Beck, Attorney General, Clarence A. H. Meyer, and Homer L. Kyle, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

On March 17, 1954, with the consent of the county attorney, a petition was filed in the juvenile division of the district court for Lancaster County charging James Anderson, a minor then of the age of 14 years, with being "* * * dependent, neglected and delinquent on account of the following facts: that said child is without proper parental care and control and is growing up under conditions which may tend to cause said child to lead a vicious and immoral life; that said child is delinquent in school attendance and guilty of automobile theft on or about 3-5-1954 and of driving the car out of the state; * * *."

This petition sets forth that the minor was in the custody of his parents, Roy and Meta G. Anderson, who were then living at 3245 North 5th Street, Lincoln, Nebraska.

On March 31, 1954, the court found: "That James Anderson is growing up in mendicancy and crime because of the want of proper parental care, and is a proper subject for the Boys' Training School."

In view of this finding defendant was ordered committed to the Boys' Training School located near Kearney and was delivered into its custody on the same day.

On April 2, 1954, Roy F. and Meta N. Andersen, the boy's parents, filed a motion for new trial. This was overruled on May 10, 1954, and on appeal taken therefrom to this court. It should here be stated that the minor's correct name is James Andersen.

The record fails to show that the parents were ever notified of the proceedings nor did they make any appearance therein until they filed their motion for new trial.

We said in Ripley v. Godden, 158 Neb. 246, 63 N. W. 2d 151, that: "The indispensable elements of due process are a tribunal with jurisdiction, notice of hearing to the proper party, and an opportunity for a fair hearing according to applicable procedures."

And held in State v. Roth, 158 Neb. 789, 64 N. W. 2d 799:

"The provisions of section 43-206, R. R. S. 1943, for issuance and service of process is jurisdictional.

"In the absence of the issuance and service of process in conformity with section 43-206, R. R. S. 1943, or a waiver thereof, an order committing a child to the industrial school is void for want of jurisdiction.

"A judgment rendered where there is no proper service of process may be collaterally impeached."

In case the issues raised by such a petition are contested, we said in Ripley v. Godden, *supra:* "The interests of all parties concerned require, when the issue is contested in court, that the facts be shown by competent evidence. This should be accomplished by substantial observance of the rules of evidence and procedure that are usually considered essential to protect substantial rights in hearings without a jury had for the adjudication of issues of fact in civil cases in the district court.". And, as therein held, the court reporter should make a record thereof.

We find the order of commitment was entered without jurisdiction and, because thereof, the judgment of the district court is reversed

REVERSED.