In re Interest of Pamela Sue Traxler et al., children
under eighteen years of age.
John S. Mingus, appellee, v. Lawrence Traxler et al.,
appellants.

163 N. W. 2d 126

Filed December 13, 1968. No. 36957.

Mitchell, Taylor & Beatty, for appellants.

John S. Mingus, for appellee.

Heard before White, C. J., Spencer, Boslaugh, Smith, and McCown, JJ., and Hubka and Garrotto, District Judges.

Spencer, J.

This is an appeal from orders of the district court for Buffalo County in which the children of the appellants were found to be dependent and neglected. Larry Lee Traxler, Melvin Louis Traxler, and Doyle Vernie Traxler were removed from the custody of appellants and placed with the Buffalo County welfare department without power of adoption. Pamela Sue Traxler, Patty Ann Traxler, and Richard Duane Traxler were removed from the custody of their parents and the order placed them forthwith in the Nebraska Childrens Home Society at Omaha, with full power of adoption without further order of court.

As the questions herein involve procedure and due process, it will serve no purpose to detail the evidence except to state that appellants were poor managers of their home and family finances. Their home was dirty and disorderly, the children were overly dirty and sometimes malodorous, and their school attendance records left very much to be desired. The court, however, found: "* * * there is love in existence between the parents and the children, which I see exists here. I have nothing to indicate anything to the contrary. I also find that there is no particular moral *terpitude* involved."

The petition herein was filed January 5, 1968. The prayer was in the following language: "* * * that a hearing be had on this matter; that the said children *by* adjudicated neglected and/or dependent children and children in need of special supervision and that the Court take such correction or remedies as allowed under Chapter 43, Section 208, Revised Statutes of Nebraska, 1943 as amended. That due to circumstances said children should be taken into immediate custody as allowed by law and time set for hearing." On the same day, the district judge entered an order directing that the children be taken into custody by the Buffalo County sheriff forthwith and delivered to the Buffalo County welfare department for temporary placement in foster homes during the pendency of the action. No summons was ever issued in this case.

A subpoena was issued and served on both the parents on January 5, 1968, commanding them to be present in court on January 23, 1968, to answer charges in a case pending in court wherein the Traxler children were alleged to be neglected or dependent children in need of special supervision. The order placing the custody of the children in the Buffalo County welfare department was also served on the appellants on January 5, 1968.

Section 43-206, R. R. S. 1943, requires that upon the filing of the petition a summons with a copy of the petition attached shall issue, requiring the person who has

custody of the children to appear personally. The appellants herein, at the time of the filing of the petition, had the actual physical custody of the children. While the ex parte order entered by the court divested them of custody, it was still necessary that a summons be served upon them. A subpoena is not a summons within the meaning of this statute. A subpoena may be issued requiring the appearance of any person whose presence is necessary who does not have custody of the children.

As we said in Morimoto v. Nebraska Children's Home Society, 175 Neb. 174, 121 N. W. 2d 26: "In a proceeding brought under sections 43-205 and 43-206, R. R. S. 1943, it is essential to the jurisdiction of the court that service of summons be had upon the person or persons having the custody or control of the child, or with whom the child may be when the action is commenced."

It is also to be noted that section 43-209, R. R. S. 1943, requires that where facts are set forth in a proper proceeding to terminate parental rights, the summons or proper notice must be endorsed that the proceeding is one to terminate parental rights. There was no such endorsement herein. The prayer of the petition, which is set out above, does not request a termination of parental rights but only requests special supervision and remedies to correct the situation then existing. In view of our holding, it is not necessary to discuss any of the other matters raised by appellants.

For the reasons stated, this action is reversed and the cause is remanded for proper proceedings in accordance with this opinion.

REVERSED AND REMANDED.