In the Interest of W. W. M., a Minor,
by E. H., Next Friend, Petitioner.

No. 57730.

Supreme Court of Missouri,
En Banc.

May 8, 1972.

Stanley Goldstein, St. Louis, for petitioner.

John C. Danforth, Atty. Gen., Michael Boicourt, Asst. Atty. Gen., Jefferson City, for respondent.

HENLEY, Judge.

This is a habeas corpus proceeding by W. W. M., a minor, as petitioner, seeking his discharge from the custody of the superintendent of the State Training School for Boys. Petitioner is in custody and is being held pursuant to the authority of an order of the juvenile division of the circuit court of the City of St. Louis entered January 7, 1972.

The main issue presented is whether the juvenile court had jurisdiction to order petitioner committed to the training school where his natural parent had not been notified of the pendency of the case against him and of the time when and the place where it would be heard.

The facts, as stated in the pleadings, are as follows. On November 5, 1971, a petition was filed in juvenile court charging that W. W. M. was under the age of seventeen years and that (1) on August 26, 1971, he stole personal property of the value of more than $50.00 from E. J. Korvette Department Store and (2) on October 4, 1971, he robbed Warren Robert Reed, both alleged offenses being in the City of St. Louis. The petition further stated (1) the names and addresses of the parents of the child and (2) the name and address of (a) the "purported" legal guardian of the child and (b) the person having his custody, both alleged to be E. H., his paternal grandmother. Summons, returnable November 23, 1971, was directed to the child and the grandmother and served on November 11. Neither parent was notified of the pendency of the case and the time and place it would be heard.

On the appointed day the child, accompanied by his grandmother, appeared in person and by attorney. A hearing was held during which the child admitted the charge of stealing over $50.00 from the Korvette store. The court accepted this admission and at the close of the evidence found the child guilty of the charge of robbery of Warren Reed, as well as guilty of the admitted stealing charge, and passed the case to January 6, 1972, for determination as to the disposition to be made of the child. See § 211.181, RSMo 1969, V.A. M.S. No finding was made that the paternal grandmother is the legal guardian of petitioner.

On January 6, 1972, petitioner again appeared in person and by attorney, accompanied this time by both his grandmother and his mother. Evidence was heard by the commissioner of the juvenile court and he recommended to the juvenile judge that disposition be made of the child by committing him to the Missouri State Training School for Boys at Boonville. See §§ 211.025 and 211.027, RSMo 1969, V.A.M.S.

On Friday morning, January 7, 1972, the attorney for the juvenile officer requested and the case was set for a final disposition hearing before the juvenile judge at 2:30 o'clock that afternoon.[1] Notice of this hearing was served on counsel for petitioner at 11 a. m. Petitioner again appeared in person and by attorney and was accompanied by his grandmother. Counsel moved for a continuance of this hearing on the grounds: (1) that the three hours' notice given did not afford him reasonable time to prepare for the hearing, that he was not prepared, could not reach witnesses on such short notice, and that to require petitioner to submit to a hearing at the designated hour would deprive him of effective assistance of his counsel and a fair and im-

---

1. The juvenile code (§ 211.029) provides that the child, his parents or guardian may request such a hearing within 10 days after the commissioner's report and recommendation are filed, but makes no provision for this type of hearing on request of the juvenile officer. The petitioner's 17th birthday fell on Sunday, January 9, and he would have us infer that the reason for requesting this hearing and securing a final order of the court confirming the findings and recommendations of the commissioner before his 17th birthday was that after that day the court could not commit him to the training school. See § 219.160, RSMo 1969, V.A. M.S.

partial hearing; and (2) that petitioner was not given 24 hours' notice of the hearing, as required by § 211.111, para. 2.

The motion was overruled and the court proceeded to hear evidence upon and determine the question of disposition. As indicated, the court confirmed the recommendation of the commissioner and committed petitioner to the training school. One of the findings of the court stated in the commitment order is " * * * that the only * * * natural guardian [of the petitioner] is * * * [his] paternal grandmother * * *."

Petitioner contends that the order was and is void not only because his parents were not notified of the hearing at which the court determined whether he had violated a state law as required by § 211.101, para. 2, RSMo 1969, V.A.M.S., but also that he was denied due process of law in that he, his counsel, his parents and his custodian were not afforded reasonable time within which adequately to prepare for the final hearing before the juvenile judge held on the afternoon of January 7. We do not reach the due process question relative to notice or time within which to prepare for the final dispositional hearing.

Section 211.101 provides, in part, as follows:

> "1. After a petition has been filed, unless the parties appear voluntarily, the juvenile court shall issue a summons in the name of the state of Missouri requiring the person who has custody of the child to appear personally and, unless the court orders otherwise, to bring the child before the court, at the time and place stated.

> "2. If the person so summoned is other than a parent or guardian of the child, then the parent or guardian or both shall also be notified of the pendency of the case and of the time and place appointed."

■ This section makes it mandatory that the parent or guardian be notified where the person summoned as custodian of the child is neither the parent nor the guardian; absent such notice or voluntary appearance of the parent or guardian, the court is without jurisdiction to proceed with a hearing at which one of the issues to be determined is whether, as in this case, the child has violated a state law.

■ Does the paternal grandmother qualify in this case as the legal guardian within the meaning of § 211.101, para. 2? The superintendent contends that she does, because, he says, petitioner has lived with her since he was six months of age and neither of his parents has contributed to his support since that day. Assuming that this statement is fact, we cannot say that this alone is sufficient as a matter of law to abolish or terminate the rights of his natural parents and constitute the grandmother his legal guardian. That the parents have not abandoned petitioner is evidenced by the fact that his mother attended the first "dispositional" hearing. Furthermore, although the petition filed in juvenile court alleged that the paternal grandmother was the legal guardian, the court did not so find in its order in which it found petitioner guilty of stealing and robbery. No doubt the court could by its judgment in a proper case terminate parental rights and constitute another guardian of a child, but to do so the court must have before it substantial evidence on which to base its judgment, and such termination must be in accord with due process. State v. Taylor, Mo.App., 323 S.W.2d 534. Here, we have neither the judgment, the evidence, nor notice to the parents that their parental rights were in question. The grandmother did not qualify as the legal guardian.

■ For the reasons stated, we hold that the juvenile court did not have jurisdiction to commit petitioner to the State Training School for Boys. Accordingly, it is ordered: (1) that petitioner be, and he is hereby, discharged from the custody of the superintendent of the State Training School

for Boys; and, (2) that he be, and he is hereby, remanded to the jurisdiction and custody of the juvenile division of the circuit court of the City of St. Louis.

All concur.