In the Interest of Daniel Ray
HEWITT, a Child.

No. 61946.

Supreme Court of Iowa.

Dec. 20, 1978.

Critelli & Pille by Jerry R. Foxhoven, Des Moines, for Carol Hewitt.

Richard C. Turner, Atty. Gen., Stephen C. Robinson, Sp. Asst. Atty. Gen., and Francis C. Hoyt, Jr., Asst. Atty. Gen., for the State.

Campbell & Campbell by Roger D. Vos, Newton, for Daniel Ray Hewitt.

Salisbury, Fleck & Walker, Newton, for Donald and Dorothy Hewitt.

Considered by REES, P. J., and UHLENHOPP, HARRIS, McGIVERIN, and LARSON, JJ.

UHLENHOPP Justice.

Carol Hewitt, natural mother of four-year-old Daniel Ray Hewitt, appeals from a juvenile court determination that Daniel is a child in need of assistance under § 232.-2(13)(f) and (h), Code 1977. Daniel's father, Donald Hewitt, is deceased.

Carol argues that the notice she received of the pendency of the action was so defective that it did not give the juvenile court jurisdiction. We conclude that this issue controls the appeal.

I. The following statutes dealing with children who are delinquent or in need of assistance are relevant to the appeal. Section 232.2(13) of the Code provides:

13. "Child in need of assistance" means a child: . . .

f. Who is without proper parental care because of the emotional, mental, or physical disability, or state of immaturity of his parents, guardian, or other custodian.

g. Who is without proper parental care because of the faults or habits of his parents, guardian, or other custodian.

h. Who is living under conditions injurious to his mental or physical health or welfare. . . .

Section 232.3 provides:

Whenever the court or any of its officers are informed by any competent person that a minor is within the purview of this chapter, an inquiry shall be made of the facts presented which bring the minor under this chapter to determine whether the interests of the public or of the minor require that further action be taken. After such an inquiry the judge, probation officer, or county attorney may authorize the filing of a petition with the clerk of the court by any informed person without payment of a filing fee. . . .

The petition shall be verified and any statements may be made upon information and belief. The petition *shall* set forth plainly:

1. *The facts which bring the child within the purview of this chapter.*

2. The name, age, and residence of the child.

3. The names and residences of the parents of the child.

4. The name and residence of the legal guardian of the child if there be one, of the person or persons having custody or control of the child, or of the nearest known relative of the child if no parent or guardian can be found.

If any of the facts herein required are not known by the petitioner the petition shall so state. . . . (Italics added.)

Chapter 232 contains two notice provisions, § 232.4 and § 232.5. The substantive requirements of the two sections are identical, except that § 232.4 summons a party to appear with the child while § 232.5 requires notice to a party not summoned. Carol was served with a summons but since she was not required to bring Daniel with her the parties assumed that service was under § 232.5. The result, however, is the same under both provisions. Section 232.4 provides:

After a petition has been filed and unless the parties named in section 232.5 voluntarily appear, the court shall set a time for hearing and *shall* issue a summons requiring the person who has custody or control of the child to appear with the child before the court at a time and place stated. The summons *shall* recite briefly the substance of the petition or *shall* have attached a copy of the petition and *shall* give notification of the right to counsel provided for in section 232.28 and of the right to request the court to appoint counsel. (Italics added.)

Section 232.5 provides:

The court *shall* have notice of the pendency of the case and of the time and place of the hearing and all subsequent hearings served upon the acknowledged parents upon the guardian or legal custodian of a child and the child if they are not summoned to appear as provided in section 232.4. The notice *shall* recite briefly the substance of the petition or *shall* have attached a copy of the petition and *shall* give notification of the right to counsel provided for in section 232.28 and of the right to request the court to appoint counsel. (Italics added.)

Section 232.28 provides:

The child, parents, guardian, or custodian *shall* have the right to legal counsel. If the minor, parents, guardian, or custodian desire but are unable to employ counsel, such counsel *shall* be appointed by the court. (Italics added.)

II. On March 9, 1978, the Iowa Department of Social Services received a complaint regarding the care provided Daniel Hewitt. Social Worker Helen Gibbs, after conducting a preliminary investigation, filed a petition alleging that Daniel was a child in need of assistance. Judicial Magistrate A. C. Omer thereupon issued a temporary custody order requiring the immediate removal of Daniel from his mother's custody. Early the next morning Gibbs and two police officers took Daniel from his mother.

The arrival of Gibbs and the officers was the first knowledge Carol received that the State was concerned about the care provided Daniel. She had no previous contact with any representative of the Jasper County Department of Social Services.

Carol was served with the following papers:

1. A summons dated March 15, 1978, directed to Carol Hewitt, informing her that a preliminary information had been filed "making complaint against you, charging the commission of Child in need of Assistance, Chapter 232.2(13) 1975 Code of Iowa, See attached Petition," and directing her to appear in the magistrate's court on April 5, 1978, at 3:00.

2. The order for temporary custody signed by Judicial Magistrate Omer informing Carol Hewitt that Daniel Hewitt was to be taken into immediate custody by the peace officer who served the summons. The order stated that "Daniel Ray Hewitt . . . is in such conditions and surroundings that it would be in the best interests and welfare of said child that custody of said child be immediately assumed by the Court . . . ."

3. The petition filed by Gibbs which stated the name, age, and residence of Daniel and the name and residence of his mother, as required by § 232.3(2), (3), and (4) of the Code. The petition alleged that Daniel was a child in need of assistance, and set forth § 232.2(13)(f), (g), and (h) of the Code. (The petition charged a violation of § 232.2(13) of the Code of *1977*, while the summons referred to § 232.2(13) of the Code of *1975*. Section 232.2(13) of

the Code of 1975 did not contain paragraph (f), (g), and (h).) The petition further stated that "[a] copy of this petitioner's report of investigation is marked exhibit "A" attached hereto, and by this reference fully made a part hereof." The exhibit was not attached.

Sections 232.4 and 232.5 contain three requirements:

1. Notice must be given as to the time and place of the hearing. (The summons adequately satisfied this requirement.)

2. Notice must either recite briefly the substance of the petition or attach a copy of the petition. Section 232.3 requires a petition to set forth the facts which bring the child within Chapter 232. (This requirement was not satisfied since Carol was given a portion of the petition devoid of any facts. The wording of the child-in-need-of-assistance statute was the only "factual" notice given Carol.)

3. Notice of the right to counsel and of the right to have counsel appointed. (No such notice was given Carol and the third requirement was not satisfied.)

Carol contacted an attorney to help her retrieve her son. The attorney obtained a copy of Exhibit A from the court clerk, and asked for a prompt hearing. In the meantime, Carol attempted to visit her son but was not permitted to do so.

The juvenile court held a hearing. At the hearing Carol's attorney moved at the outset to dismiss the petition for failure to notify Carol of her right to counsel and failure to serve her with a copy of Exhibit A. All parties and the court agreed that the notice was defective in these two particulars, but the State contended that Carol was not prejudiced since she did contact an attorney and the attorney obtained a copy of Exhibit A from the clerk. The court overruled the motion to dismiss but offered Carol a continuance. Her attorney declined this offer, stating:

This mother is desperate to see her child. She tried to see her child yesterday while it was in the custody at the Jasper County Home and was denied the right to see her child. We cannot take another continuance, Your Honor, in fairness to my client.

The court held a hearing on the merits, adjudged Daniel a child in need of assistance, and placed him in foster care. The child has been returned to Carol under conditions, but the court's order on the merits remains in effect.

■ III. Was the notice on Carol sufficient? The notice had to satisfy the Iowa statutory test as well as the test of due process under the Fourteenth Amendment. *Sparrow v. Goodman*, 376 F.Supp. 1268, 1270 (W.D.N.C.).

■ Notice in child neglect and dependency proceedings is jurisdictional. *In re Interest of Herron*, 212 N.W.2d 474, 476 (Iowa). See also *De Kay v. Oliver*, 161 Iowa 550, 554, 143 N.W. 508, 509 (delinquency proceedings). The courts agree that notice to the parents in a child custody case is a jurisdictional requirement. *In re Moilanen*, 104 Cal.App.2d 835, 842, 233 P.2d 91, 95 (no notice given to mother in delinquency proceeding, child returned to mother); *In re B. G.*, 11 Cal.3d 679, 688–689, 114 Cal.Rptr. 444, 450, 523 P.2d 244, 250 (notice required before court could determine temporary custody of child in abandonment case, notice waived); *People v. Harris*, 343 Ill.App. 462, 99 N.E.2d 390 (Abstract of Decision) (delinquency proceedings); *People ex rel. Houghland v. Leonard*, 415 Ill. 135, 146, 112 N.E.2d 697, 702 (notice under Juvenile Act dealing with dependent, delinquent, and neglected children is a jurisdictional requirement, waived by general appearance); *Ford v. State*, 122 Ind.App. 315, 317, 104 N.E.2d 406, 407 (neglected and delinquent children); *In re Petrovich*, 222 Mich. 79, 81, 192 N.W. 657 (child adjudged dependent and neglected was adopted); *Oversmith v. Lake*, 295 Mich. 627, 631, 295 N.W. 339, 341 (children committed as dependent and neglected, damage award to parents upheld); *State ex rel. Knutson v. Jackson*, 249 Minn. 246, 252, 82 N.W.2d 234, 238 (statute required notice where children were allegedly dependent, neglected, or delinquent); *In re W.W.M.*, 479 S.W.2d 446, 448 (Mo.) (juvenile

delinquency proceeding); *In re Gonzalez*, 139 Mont. 592, 597, 366 P.2d 718, 720 (delinquency, citation waived); *In re Young*, 143 Mont. 230, 232, 388 P.2d 379, 381 (dependency and neglect proceedings, permanent termination of parental rights); *In re Roth*, 158 Neb. 789, 794, 64 N.W.2d 799, 802 (juvenile delinquency proceedings); *State v. Andersen*, 159 Neb. 601, 603, 68 N.W.2d 146, 147 (follows *Roth*, child allegedly delinquent, dependent, and neglected); *State ex rel. Clark v. Allaman*, 154 Ohio St. 296, 301, 95 N.E.2d 753, 756 (child allegedly dependent and neglected); *Mobley v. Allaman*, 89 Ohio Abst. 473, 477, 184 N.E.2d 707, 710 (Ohio Prob.Ct.) (permanent custody proceeding, waiver of notice); *Jensen v. Hinckley*, 55 Utah 306, 309–310, 185 P. 716, 717 (statute dealing with neglected, dependent, and delinquent children); *Ex parte Mallory*, 122 Va. 298, 300, 94 S.E. 782, 783 (per curiam) (dependency and neglect proceedings). See also Anno. 76 A.L.R. 242, 252–253.

▬ Courts have strictly enforced these notice requirements. See *Noeling v. State*, 87 So.2d 593, 598 (Fla.) (adoption proceedings: "Jurisdiction of Juvenile Courts . . . must be exercised in strict compliance with the statutory requirements."); *In re Kennedy*, 110 N.W.2d 365, 369 (N.D.) (permanent deprivation of parental rights: "the statute with reference to the giving of notice must be strictly complied with"); *Ford v. State*, 122 Ind.App. 315, 317, 104 N.E.2d 406, 407 (neglected and dependent child: "The Juvenile Court cannot acquire jurisdiction in this type of action unless summons is issued and served as provided by statute."); *State ex rel. Knutson v. Jackson*, 249 Minn. 246, 252, 82 N.W.2d 234, 238 (court stated regarding statute on dependent, delinquent, and neglected children, "notice to the child's parents is mandatory as the words 'shall be notified' are used"). See also 43 C.J.S. Infants § 50 at 204–205 ("Although dependency and delinquency proceedings are in a measure informal and summary, and, if the order is authorized, mere irregularities will not invalidate it, yet the proper elements of a judicial proceeding should be present, and rules protecting substantial rights cannot be disregarded.").

IV. Since the notice requirements are jurisdictional, we examine the notice provided to see whether it comports with the statutes. In recent years we have carefully scrutinized notices in cases dealing with parents' rights to custody of their children. E. g. *In re Meyer*, 204 N.W.2d 625 (Iowa); *In Interest of Hochmuth*, 251 N.W.2d 484 (Iowa); *Long v. Long*, 255 N.W.2d 140 (Iowa). This scrutiny has been influenced by due process cases such as *In re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (juvenile delinquency), and *Alsager v. District Court of Polk County*, 406 F.Supp. 10 (S.D.Iowa), aff'd in part, 545 F.2d 1137 (8 Cir.). We quoted *Gault* principles in the case of *In re Meyer*, 204 N.W.2d 625, 626 (Iowa):

"* * * Notice, to comply with due process requirements, must be given sufficiently in advance of scheduled court proceedings so that reasonable opportunity to prepare will be afforded, and it must 'set forth the alleged misconduct with particularity.' * * * Notice at that time is not timely; and even if there were a conceivable purpose served by the deferral proposed by the court below, it would have to yield to the requirements that the child and his parents or guardian be notified, in writing, of the specific charge or factual allegations to be considered at the hearing, and that such *written notice* be given at the earliest practicable time, *and in any event sufficiently in advance of the hearing to permit preparation.*" (Emphasis added) 387 U.S. at 33, 87 S.Ct. at 1446, 18 L.Ed.2d at 549.

In a parent-child termination case, the court in *Alsager* indicated that notice which contained only the applicable statutory language was insufficient; the notice must also contain the alleged factual basis for termination. *Alsager v. District Court of Polk County*, 406 F.Supp. 10, 25 (S.D.Iowa), aff'd in part, 545 F.2d 1137 (8 Cir.). While *Gault* and *Alsager* are due process cases and our decision here is grounded on our stat-

utes, we look to these decisions in construing our statutes. Both cases highlight the necessity of setting forth the basic facts and emphasize that the notice must be given sufficiently in advance of the court proceedings.

■ We conclude that under §§ 232.4 and 232.5 of the Code, when service of either the petition itself or the "substance of the petition" is made, a general statement of the facts relied on to support the petition must be stated as a minimum, in addition to the other required information. Failure to state such facts is a substantial failure to comply with the statute. Here the minimum facts were not stated in the notice or petition served. The additional failure to notify Carol Hewitt of her rights regarding counsel bolsters the conclusion that substantial statutory compliance with the notice provisions was not accomplished. The referral of the summons and of the petition to different statutory violations also points to the inadequacy of the notice.

■ While the case before us involves a child in need of assistance and not a final termination of parental rights, the present proceedings can be the first step toward termination. If Carol fails to make reasonable efforts which are ordered to correct conditions, her rights to Daniel could be permanently cut off. § 600A.8(6). Since this ground for termination may be easier to establish than others, the importance of the statutory safeguards in child-in-need-of-assistance proceedings is manifest. For the same reason these proceedings are not moot.

■ Due to the substantial defects in the notice here and to the importance of notice, jurisdiction did not attach. Prejudice is presumed. See *Parkhurst v. White*, 254 Iowa 477, 481–482, 118 N.W.2d 47, 49–50; *Gray v. Steele*, 264 N.W.2d 752, 753 (Iowa).

In a similar case the Montana Supreme Court reached the same conclusion. *State v. Johnson*, 141 Mont. 1, 6, 374 P.2d 504, 506 (juvenile delinquency). The statute there required service of a citation which briefly recited the substance of the petition. The petition itself was required to include the facts. The court held that failure to notify the parents of the facts required reversal of judgment. Likewise, the Georgia Supreme Court reversed a child deprivation case where notice was not given in accordance with the juvenile code. *Sanchez v. Walker County Department of Family & Children Services*, 237 Ga. 406, 411, 229 S.E.2d 66, 70. The court held that the notice and hearing requirements were "mandatory and must be adhered to in order for the juvenile court to proceed with the adjudicatory hearing." The court added, "These procedural safeguards are easily followed. If, for some reason they are not, dismissal of the petition would be without prejudice." The court rejected the state's argument that failure to comply with the statutory procedures was harmless:

> We see it as our duty to enforce the statutory procedures established by the General Assembly. We applaud the important function performed by the Department of Family and Children Services in protecting children who are mistreated by their parents. However, wresting a child away from the care and custody of its parents is of serious consequence. It is so drastic that it should be attended only by the most stringent procedural safeguards.

See also *In re Traxler*, 183 Neb. 638, 640, 163 N.W.2d 126, 128.

■ V. A question remains whether Carol's attorney waived proper notice on his client by raising the jurisdictional issue in an improper manner. If at the outset of the hearing the attorney had stated in writing that Carol appeared specially for the sole purpose of attacking the jurisdiction of the court, no question would exist. Rule 66 of the Rules of Civil Procedure states:

> A defendant may appear specially for the sole purpose of attacking the jurisdiction of the court, but only before taking any part in a hearing or trial of the case, personally or by attorney, or filing a motion, written appearance, or pleading. The special appearance shall be in writing, filed with the clerk and shall state

the grounds thereof. If the special appearance is erroneously overruled, defendant may plead to the merits or proceed to trial without waiving such error.

Instead of following rule 66, Carol's attorney stated orally at the beginning of the hearing:

The respondent, Carol Hewitt, does at this time move the Court to dismiss the petition that has been filed in this matter on the following grounds: One, the petition fails to notify the respondent of her right to counsel as is provided by Section 232.28 of Chapter 232 of Iowa, thus depriving this respondent of her constitutional rights under the State and Federal constitution. Number two, the petition is fatally defective in that it incorporates by reference a so-called investigation in the words from the petition from which the Court just read. It says a copy of this petition was reported investigation marked Exhibit A attached hereto and by this reference made a part here. This I hand to the Court.

Even under rule 66 we have some doubt that Carol's attorney appeared generally as a result of his motion. *Gravelie v. TBS Pacific, Inc.,* 256 N.W.2d 230, 233 (Iowa). We stated in *Gravelie*:

In this argument plaintiffs point to defendant's pro se special appearance which was designated "motion to dismiss for want of jurisdiction." . . .

Upon examination of the language of defendant's document it is apparent its purpose was clearly to attack in personam jurisdiction. The document does not go to the merits of the case.

The question of whether an appearance is general or special is not controlled by the designation attached to the document but from the nature of the appearance. In determining the question we look to matters of substance and not merely matters of form. We have said:

"In determining whether an appearance by a defendant is general or special, the court will look to matters of substance, rather than matters of form. (Authority).

"It will also have regard to the defendant's apparent intent to make a special appearance, if such intent is evident from the record. (Citing cases).

"Defendant sought no affirmative relief. He did not plead or offer to plea defensively to the plaintiff's claim, but, on the contrary, carefully restricted his appearance, as required by the statute, to the sole purpose of denying the court's jurisdiction. * * ." *Read v. Rousch,* 189 Iowa 695, 701, 179 N.W. 84, 86–87 (1920). See also *Collins v. Powell,* 224 Iowa 1015, 1023, 277 N.W. 477, 483 (1938).

Under this test defendant's appearance was clearly special and not general. Plaintiffs' contention to the contrary is without merit.

We will assume arguendo however that the attorney's motion here does not comply with rule 66 and that if this were an ordinary civil case the motion would have subjected Carol to the jurisdiction of the juvenile court.

In the absence of an applicable statute or procedural rule, want of jurisdiction can be raised by a motion such as we have here. 6 C.J.S. Appearances § 25a at 33 ("Motions made for the sole purpose of objecting to the court's jurisdiction over the defendant's person, which clearly specify the grounds therefor, constitute a special appearance."), § 28 at 45 ("A demurrer or analogous pleading having for its sole purpose the questioning of the court's jurisdiction is a special appearance, but if such a pleading has any other purpose, either wholly or in part, it is a general appearance."); 5 Am.Jur.2d Appearance § 21 at 495 ("As a general proposition, it may be said that a motion objecting merely to the court's want of jurisdiction over the defendant is not a general appearance."), § 19 at 495 ("In order to avoid the making of a general appearance by the filing of a demurrer, the demurrer must be based solely on objection to lack of jurisdiction over the person, appearing on the face of the record."). Hence if rule 66 is inapplicable in juvenile proceedings, Carol's attorney did not appear generally by the motion he made. The question is whether rule 66 applies in juvenile proceedings.

In chapter 633 of the Code, dealing with probate, the legislature specifically provided, "All actions triable in probate shall be governed by the Rules of Civil Procedure, except as provided otherwise in this Code." § 633.34. We do not find a comparable provision in chapter 232 dealing with juvenile court procedure. The manner of commencing a civil action by original notice under Division III of the Rules of Civil Procedure differs markedly from the manner of commencing a juvenile proceeding under §§ 232.3 to 232.9 of the Code. Division IV of the Rules of Civil Procedure establishes a system of pleadings to be employed subsequent to commencement of the action. Sections 232.3 to 232.5 provide only for an information, petition, and notice or summons. While a civil action is concerned with redress in a civil dispute, in the juvenile court the State brings its authority to bear upon the family to correct problems involving children and youths. In addition, § 232.27 of the Code allows juvenile proceedings to be conducted "in an informal manner," and we have said that such cases are "special proceedings" conducted so as "to provide an informal, efficient hearing with regard to the allegations of the petition." *In re Henderson*, 199 N.W.2d 111, 116, 120 (Iowa).

We are not now required to hold that none of the rules of civil procedure apply in juvenile cases, or to hold that a person does not generally appear if he announces, orally or in writing, that he appears or if he actually participates as a party in the proceeding other than by challenging the court's jurisdiction. We do now hold that rule 66 itself does not apply in juvenile proceedings and that a person may challenge the court's jurisdiction in the manner that Carol's attorney did here. Cf. *In re Interest of Herron*, 212 N.W.2d 474 (Iowa) (stepparent did not appear generally by attending and testifying as a witness).

We conclude that the question of jurisdiction was raised in a proper manner.

We remand the case to juvenile court for an order sustaining the motion to dismiss. That order will of course be without prejudice to further proceedings in the case, if any, but the present proceedings in the juvenile court following the filing of the petition cannot be used in future proceedings.

REVERSED AND REMANDED.

All Justices concur except HARRIS, J., who concurs in result.