In Interest of A.R., K.R., and A.R., Children.

Appeal of R.D., natural mother.

No. 66927.

Supreme Court of Iowa.

March 17, 1982.

Gary L. Berkland, Belmond, for appellant-natural mother.

Thomas J. Miller, Atty. Gen., John G. Black, Sp. Asst. Atty. Gen., Brent D. Hege, Asst. Atty. Gen., for appellee-State of Iowa.

Larry E. Ivers, Eagle Grove, for minor children.

Considered by LeGRAND, P.J., and HARRIS, ALLBEE, LARSON, and SCHULTZ, JJ.

ALLBEE, Justice.

R.D. appeals from a juvenile court order terminating her parental rights in her three natural children, A.R., K.R. and A.R. We find it necessary to reverse because the termination petition and order were premature.

On September 6, 1979, a petition was filed alleging R.D.'s children to be in need of assistance. *See* § 232.87, The Code 1979. After a hearing on the same date, the children were removed from R.D.'s home and placed in the temporary custody of the Wright County Department of Social Services. *See* § 232.95, The Code 1979. At a

later hearing, on January 18, 1980, the children were formally adjudicated to be in need of assistance, see § 232.96, The Code 1979. Following a dispositional hearing, the court on July 1, 1980, ordered that custody be continued in the Department of Social Services for six months, pursuant to section 232.102, The Code 1979, at which time a review hearing would be conducted as required by section 232.102(6). Less than eight months later, on February 6, 1981, a petition for the termination of R.D.'s parental rights was filed. After a hearing in March, the juvenile court's order granting the termination was filed on May 21, 1981.

■ The parties agree that the termination order was based on section 232.116(5), The Code 1981, which permits termination of parental rights when

[t]he court finds that:

a. The child has been adjudicated a child in need of assistance pursuant to section 232.96; and

b. The custody of the child has been transferred from his or her parents for placement pursuant to section 232.102 for at least twelve months; and

c. There is clear and convincing evidence that the child cannot be returned to the custody of his or her parents as provided in section 232.102.

In addition to challenging the juvenile court's findings with regard to subsection (c), R.D. argues that the court had no basis for finding that the requirement of subsection (b) was met. She correctly observes that the twelve-month period of subsection

(b) is commenced only by a transfer of custody "pursuant to section 232.102," i.e., pursuant to a dispositional order. Thus, in R.D.'s case, the twelve-month period began on July 1, 1980, when the dispositional order was entered, not on September 6, 1979, when the children were first removed from the home. The State agrees with this analysis and concedes that because the petition for termination was filed and granted less than twelve months after July 1, 1980, trial court erred in concluding that the required time period had passed; the State contends, however, that R.D. waived her right to appeal on that ground because she failed to raise the issue in the juvenile court.

The twelve-month period prescribed in subsection (b) serves the important purpose of giving a parent an opportunity to remedy the conditions which originally led the court to place custody of the child outside the parental home following a child-in-need-of-assistance (CHINA) adjudication. According to the statute, the passage of that twelve-month period is one of three findings of fact which must be made by the juvenile court judge in order to terminate parental rights under section 232.116(5). Thus, the issue raised by R.D. regarding subsection (b) is properly characterized as a challenge to the sufficiency of the evidence of a required factual element.[1]

■ In ordinary civil cases tried to the court, the sufficiency of the evidence may be challenged on appeal even though not raised below. Grall v. Meyer, 173 N.W.2d 61, 63 (Iowa 1969); Iowa R.Civ.P. 179(b).[2] We have held, however, that not all of the

---

1. The twelve-month requirement is also somewhat analogous to a statute of limitations, an issue waived if not raised in the pleadings; however, because subsection (b) involves a minimum time requirement rather than a maximum time limit, it is even more similar to the minimum durational residency requirement for dissolution of marriage, section 598.6, The Code 1981. The residency requirement has been held to be jurisdictional and therefore an issue regarding it may be raised for the first time on appeal. In re Marriage of Bouska, 256 N.W.2d 196, 198 (Iowa 1977). Because of the wording of section 232.116(5), however, we be-

lieve subsection (b) must be viewed as a required finding of fact rather than a jurisdictional prerequisite.

2. Rule 179(b) states, in part, that when the court tries an issue of fact without a jury, "a party, on appeal, may challenge the sufficiency of the evidence to sustain any finding without having objected to it by [a] motion [to enlarge or amend the findings and conclusions and modify the judgment accordingly] or otherwise."

rules of civil procedure are applicable in juvenile cases. *In Interest of Hewitt*, 272 N.W.2d 852, 859 (Iowa 1978). Thus, we must decide whether Iowa R.Civ.P. 179(b) applies to juvenile court proceedings. *Cf. In Interest of J.R.*, 315 N.W.2d 750, 752 (Iowa 1982) (determining that Iowa R.Civ.P. 75, which permits intervention, applies to proceedings for termination of parental rights).

In *Hewitt*, this court held that Iowa R.Civ.P. 66, which requires that a special appearance to attack the court's jurisdiction be in writing, did not apply to juvenile proceedings; an oral motion made at the outset of a CHINA hearing was found to be sufficient. 272 N.W.2d at 859. In holding rule 66 inapplicable, the court noted that juvenile proceedings are to be conducted in an informal manner and concluded that strict application of rule 66 would be inconsistent with that informality. *Id.*

■ By contrast, it is apparent that application of rule 179(b) would not be inconsistent with the informality of juvenile court proceedings, because the rule is one which permits omission of a procedural requirement. We therefore hold that rule 179(b) applies to juvenile court termination proceedings, at least insofar as it permits the sufficiency of the evidence to be challenged on appeal when that issue has not been raised below.[3]

■ Accordingly, we conclude that R.D. may raise on this appeal the issue of lack of evidence regarding subsection (b) of section 232.116(5). Because the State rightly concedes error on that question, the juvenile court's order of termination must be reversed and the termination petition dismissed without prejudice.

REVERSED; PETITION DISMISSED WITHOUT PREJUDICE.

---

3. In so holding, however, we would urge that clear-cut factual issues, such as the one raised here concerning the passage of a twelve-month period, be promptly brought to the attention of the juvenile court whenever possible. It appears that the juvenile judge in this case was given no indication that the twelve-month requirement was a problem; for the sake of judicial economy, it would have been better if he had.