# IN THE COURT OF APPEALS OF IOWA

No. 18-1160
Filed November 21, 2018

**IN THE INTEREST OF M.W. and P.W.,**
**Minor Children,**

**R.W., Father,**
    Appellant.

_____

Appeal from the Iowa District Court for Pocahontas County, Joseph McCarville, District Associate Judge.

Following the entry of a dispositional order, a father appeals a prior juvenile court order adjudicating his children to be children in need of assistance. **REVERSED.**

Karmen R. Anderson of Anderson & Taylor, PLLC, Des Moines, for appellant father.

Thomas J. Miller, Attorney General, and Meredith Lamberti, Assistant Attorney General, for appellee State.

Martha A. Sibbel of Law Office of Martha Sibbel PLC, Carroll, guardian ad litem for minor children.

Considered by Tabor, P.J., and Mullins and Bower, JJ.

**MULLINS, Judge.**

Following the entry of a dispositional order, a father appeals a prior juvenile court order adjudicating his children to be children in need of assistance (CINA).[1] The father complains the CINA petition did not provide him with constitutionally adequate notice of the specific acts or omissions he was alleged to have engaged in that would support adjudication under Iowa Code section 232.2(6)(c)(1) (2017).[2] The State counters that it "identified conduct at issue to support its amended petition in the affidavit" attached to the petition.

The State originally filed CINA petitions as to both children in August 2017, alleging the children to be CINA under section 232.2(6)(c)(2).[3] The State filed amended petitions in October, alleging the children to be CINA under section 232.2(6)(c)(1).[4] The amended petition recited the statutory language for adjudication under section 232.2(6)(c)(1) but did not reference any specific acts or omissions on the part of the father to support the allegation. Attached to both the original and amended petitions was an affidavit prepared in August by the Iowa Department of Human Services. The report generally reflects that the parents were having difficulty with "co-parenting and communication." The report also

---

[1] The father raises a number of issues on appeal. We only consider the one we find dispositive.

[2] In the event error was not preserved on the father's argument, we bypass that issue and proceed to the merits. *See In re S.P.*, 672 N.W.2d 842, 845 (Iowa 2003) (requiring consideration of insufficient-notice issue despite error preservation concerns because notice "goes to the heart of the district court's jurisdiction").

[3] Section 232.2(6)(c)(2) defines CINA as an unmarried child "[w]ho has suffered or is imminently likely to suffer harmful effects as a result of . . . [t]he failure of the child's parent, guardian, custodian, or other member of the household in which the child resides to exercise a reasonable degree of care in supervising the child."

[4] Section 232.2(6)(c)(1) defines CINA as an unmarried child "[w]ho has suffered or is imminently likely to suffer harmful effects as a result of . . . [m]ental injury caused by the acts of the child's parent, guardian, or custodian."

relates the mother's allegations that the father made a number of hostile statements about the children's stepfather to the children and was trying to "brainwash" the children.

"A natural parent has due process rights relating to a CINA proceeding." *In re B.E.*, 875 N.W.2d 181, 186 (Iowa Ct. App. 2015). Notice requirements in child neglect and dependency proceedings are strictly enforced. *See In re Hewitt*, 272 N.W.2d 852, 855–56 (Iowa 1978). As this court stated:

> To allow the parent to prepare for the hearing and defend against the allegations, due process requires the child and his parents or guardian be notified, in writing, of the specific charge or factual allegations to be considered at the hearing, and that such written notice be given at the earliest practicable time, and in any event sufficiently in advance of the hearing to permit preparation.

*B.E.*, 875 N.W.2d at 187 (altered for readability) (quoting *Hewitt*, 272 N.W.2d at 856).

"[I]n a CINA proceeding, the petition must contain 'a general statement of the facts relied on to support the petition.'" *Id.* at 189 (quoting *Hewitt*, 272 N.W.2d at 857). "Due process requires notice of the specific facts upon which the State seeks to take action to enable the parent to properly meet the charge." *Id.* at 190; *see also In re Gault*, 387 U.S. 1, 33 (1967) ("Notice, to comply with due process requirements, . . . must 'set forth the alleged misconduct with particularity.'"). "A bare recital of the conclusionary words of the statute does not suffice as notice." *B.E.*, 875 N.W.2d at 188 (citation omitted).

Here, we find the amended petition, which provided only the statutory language and included no factual allegations, failed to provide the father with notice of the specific acts or omissions he purportedly engaged in to support an

adjudicatory allegation that the children at issue "suffered or [were] imminently likely to suffer harmful effects as a result of . . . [m]ental injury caused by the acts of the child's parent, guardian, or custodian." Iowa Code § 232.2(6)(c)(1). We likewise conclude the attached affidavit failed to remedy the defect in the petition. The affidavit only indicated the existence of an acrimonious relationship between divorced parents and a stepparent trying to co-parent their children. Further, the affidavit alleged adjudication was appropriate under section 232.2(6)(c)(2), not section 232.(6)(c)(1) as was alleged in the petition. The State points to the length of time between the filing of the amended petition and the adjudication hearing in support of its position that the father was provided with adequate notice. Assuming the petition was filed sufficiently in advance of the adjudication hearing, such does not remedy the petitions specificity-related defects.

We find the notice provided to the father in this case was constitutionally inadequate. Notice in CINA proceedings is jurisdictional. *See B.E.*, 875 N.W.2d at 190. Because notice was defective, jurisdiction did not attach. *Id.* We therefore reverse the orders of adjudication. "Our reversal is without prejudice to the State to file a new petition, to give proper notice, and proceed again." *Id.* (quoting *In re Meyer*, 204 N.W.2d 625, 627 (Iowa 1973)).

**REVERSED.**