Charles LeRoy ALSAGER, Sr. et al., Appellees,

v.

DISTRICT COURT OF POLK COUNTY, IOWA, et al., Appellants.

No. 76–1173.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 10, 1976.

Decided Dec. 8, 1976.

Raymond W. Sullins and Harold A. Young, Asst. Attys. Gen., Des Moines, Iowa, for appellants; Richard C. Turner, Atty. Gen., on brief.

Rena K. Uviller, American Civil Liberties Union, New York City, for appellees; Burt Neuborne and Melvin L. Wulf, New York City, Gordon E. Allen, ICLU, Des Moines, Iowa, on brief.

Before GIBSON, Chief Judge, VAN OOSTERHOUT, Senior Circuit Judge, and HENLEY, Circuit Judge.

PER CURIAM.

The judgment appealed from is affirmed on the basis that plaintiffs were denied substantive due process, in that the State of Iowa failed to exhibit the threshold harm necessary to give the state a compelling interest sufficient to justify permanent termination of the parent-child relationships, and on the further basis that plaintiffs were denied procedural due process, in that they were not given adequate notice of what conduct allegedly warranted such termination, both in violation of the Fourteenth Amendment to the United States Constitution.[1] On these two issues, we approve and adopt the opinion of the district court, the Honorable William C. Hanson, Chief Judge, United States District Court for the Southern District of Iowa, reported at 406 F.Supp. 10 (S.D.Iowa 1975).

Other issues reached by the district court, viz., the vagueness and overbreadth attacks upon the facial validity of Code of Iowa § 232.41(2)(b) and (d), 406 F.Supp. at 17–21 and 24, and the appropriate standard of proof at a parental termination hearing, 406 F.Supp. at 25, need not now be resolved in order to effect a plenary disposition of the present controversy between the parties,

---

1. The latter issue is now conceded. At oral argument, the following colloquy occurred:

Counsel for appellants: We are willing to admit at this point that the notice in this case was not sufficient; that the notice of the hearing when it issued out prior to the September 9, 1969 hearing was not sufficient to give notice to the parents of what it was specifically that they had done which fell short of the Iowa standard in chapter 232.

The Court: You are willing to admit that, and are you also willing to admit that your failure to do that was lack of due process?

Counsel for appellants: Yes, your Honor.

**1138**

and we do not reach such issues. *See Garner v. Louisiana,* 368 U.S. 157, 162, 82 S.Ct. 248, 7 L.Ed.2d 207 (1961).

Although we decline to resolve whether the statutory provisions cited above are facially unconstitutional, as alternatively held by the district court, we cannot refrain from noting, at minimum, that both the vagueness and overbreadth attacks upon these provisions are serious ones. By declining to affirm on these grounds, however, we afford the Iowa courts an additional opportunity to give the statutory provisions a plainly desirable limiting construction. *See Grayned v. City of Rockford,* 408 U.S. 104, 111-12, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972) (vagueness), and *Broadrick v. Oklahoma,* 413 U.S. 601, 613, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973) (overbreadth). Given the obvious comity concerns at issue, we view such disposition as the one most appropriate.

Since we expressly reserve a ruling on the question of whether the Iowa statutory provisions at issue in this case are facially unconstitutional, there is no collateral estoppel effect to be accorded the district court's resolution of this question in the future. 1B J. Moore, *Federal Practice* ¶ 0.416[2], at 2232 (2d ed. 1974). *See Lathan v. Brinegar,* 506 F.2d 677, 691 (9th Cir. 1974).

The judgment appealed from is affirmed insofar as it declares that the termination proceedings against plaintiffs violated their rights to substantive and procedural due process.