**In the Matter of J. L. a/k/a R., a child under 18 years of age.**

**J. L., Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. 50196.**

Supreme Court of Oklahoma.

March 21, 1978.

As Corrected April 10, 1978.

Cecil W. Rote and William H. Lewis, Oklahoma City, for appellant.

Donald Lee Ritter, Oklahoma City, for appellee.

BERRY, Justice:

On September 8, 1976, District Court in Oklahoma County rendered an order terminating appellant's parental rights in the child mentioned in the style.

This case was first assigned to the Court of Appeals, Division 1. After Court of Appeals considered the case, it issued an opinion reversing trial court. Upon timely application we granted certiorari. On review of the record and opinion of the Court of Appeals, we are of the opinion the Court of Appeals reached the correct result but for the wrong reasons. Accordingly, the Court of Appeals' opinion will be vacated.

In our review of the record we note the case initially involved a juvenile, apparently one declared dependent and neglected. However, since the record contains neither the petition commencing the action nor any journal entry upon hearing of the petition, we cannot say upon what evidence in support of what grounds the child was declared dependent and neglected.

The record indicates the child was declared dependent and neglected on October 5, 1972. A pleading filed June 9, 1976, sought termination of parental rights. The pleading alleged the child had been previously determined to be dependent and neglected, that the parents had failed to give the child the necessary parental care, that the parents have failed to show conditions leading to the prior adjudication had been changed, and that appellant had failed to visit the child for eight months. The pleading prayed for termination of parental rights.

After continuance at appellant's instance, the matter came on for trial on September 8, 1976. Appellant appealed the adverse ruling. Appellant urged error in the trial court in that: the evidence was insufficient to support the judgment; the decision was based on "hearsay not introduced into evidence"; and the judgment was inequitable, unjust and contrary to law.

The Court of Appeals examined the case and overturned trial court. Court of Appeals noted that the first mention of termination of parental rights was in the pleading filed June 9, 1976. Citing 10 O.S.Supp. 1976, § 1103, Court of Appeals decided no order of termination could be rendered within six months of June 9, 1976.

We do not agree with Court of Appeals. 10 O.S.Supp.1976, § 1103, provides for the petition in juvenile cases. As to termination of parental rights, the statute says only ". . . If a termination of parental rights is desired, it must be stated in the petition and summons."

The Court of Appeals would require that a minimum of six months elapse from time the matter of termination is first injected into a juvenile proceeding. We do not agree. A reading of 10 O.S.Supp.1976, § 1130, providing for termination of parental rights, reveals that in certain circumstances parental rights may not be terminated ". . . within a period of six (6) months after the child, or children, were adjudged dependent or neglected . . ."

■ Regardless of when the matter of termination first arises in a juvenile action, parental rights may be terminated only after a period of six months from the time the child is adjudicated dependent or neglected. To require a mention of termination in all juvenile petitions would not only be contrary to the plain wording of the statutes, but would give rise to a situation where needless anxiety and tension becomes part of every juvenile action.

■ The main thrust of juvenile actions is to serve the best interest of the child. Where termination becomes an issue the opportunities for parents, courts and juvenile workers to co-operate are lessened. Initially termination may not be contemplated when the petition is filed. If it becomes an issue, the parents' rights to due process can be protected. See *In the Matter of Ernest James C. et al. Ruth P. v. State*, Okl., 578 P.2d 352. Therefore, it is not necessary to mention termination of parental rights until such time as termination becomes a factor in the juvenile action.

■ We hold the six month provision in 10 O.S.Supp.1976, § 1130, relates to time after adjudication within which parental rights may not be terminated; the provision has no relation to time after prayer for termination. The Court of Appeals' opinion is vacated.

We find it necessary to consider only appellant's contention that the decision of trial court was not supported by the evidence. We agree.

In this case the parent came forward with evidence to show conditions had changed. The family home is now twice as large as it was when the child was adjudicated; appellant now has income of over $300 per month whereas before her income was apparently much less; appellant has had necessary surgery to correct her physical problems. The State showed there was a problem with truancy among the older children presently living with appellant. However, there was no indication that the State considered the problem severe enough to assume the custody of those children. The child involved in this matter apparently attends a Head Start program. From this we cannot infer appellant will ignore this child's special needs.

The State showed the child had developmental problems. Although the State's evidence was internally inconsistent on the point, we can say the record shows the child at one time was developing slowly. Some attempt was made to characterize this problem as severe retardation, but the child was in custody of the Department of Institutions, Social and Rehabilitative Services [DISRS] some two years before the problem was tested. At any rate, the record shows the child developing well at the time of hearing.

The State showed visits between the child and appellant were strained, with little overt display of affection. We note these visits invariably took place in some sort of reception area at a DISRS office, and DISRS workers routinely participated in the visits. Whether this form of visitation is conducive to affectionate display is not an issue.

On the whole, the evidence showed appellant to have made sincere and extensive efforts to change the conditions leading to the child's adjudication as dependent and neglected. The changes appear to be substantial. The Court notes that the child has been away from appellant from the time the child was about twenty months old until, at the time of hearing in September 1976, the child was five years and seven months of age. That this extended separation may have in itself damaged the relationship between mother and child is inescapable. Nonetheless, separation itself is not necessarily a basis for termination of parental rights.

We have examined the record and weighed the evidence and find trial court's judgment is against the clear weight of the evidence insofar as it terminated appellant's parental rights. Accordingly, the Court of Appeals' opinion is vacated, trial court reversed, and cause remanded to trial court for such further proceedings as may be necessary.

LAVENDER, V. C. J., and DAVISON, WILLIAMS, IRWIN and BARNES, JJ., concur.

SIMMS and DOOLIN, JJ., concur specially.

HODGES, C. J., concurs in result.

SIMMS, Justice, concurring specially:

I concur with the results of the majority opinion because the evidence was patently insufficient to support the trial court's order terminating appellant's parental rights. For the reasons set forth in the dissenting opinions in *J. V. v. State of Oklahoma, DISRS*, Okl., 572 P.2d 1283, 1287 (1977), and, *In the Matter of Keyes*, 574 P.2d 1026 (1977), however, I cannot join with the majority in its construction of the six month provision of 10 O.S.Supp.1976, § 1130, nor in its treatment of the issues of burden of proof and the requisite standard of proof. Also, see, *Alsager v. District Court of Polk Cty., Iowa*, 406 F.Supp. 10 (S.D.Iowa 1975) aff'd 545 F.2d 1137 (8th Cir. 1976).

I am authorized to state that Justice Doolin joins in this opinion.