STATE of Tennessee DEPARTMENT OF HUMAN SERVICES and James Phillips and wife Barbara Phillips, Plaintiffs,

v.

Ruth Mae Thompson OGLE, Defendant.

Court of Appeals of Tennessee, Eastern Section.

Dec. 19, 1980.

Application for Permission to Appeal Denied by Supreme Court Feb. 23, 1981.

William B. Hubbard, Deputy Atty. Gen., Nashville, for State of Tenn.

Gary R. Wade, guardian ad litem, Sevierville, for Ruth Mae Thompson Ogle.

David B. Maxwell, guardian ad litem, Sevierville, for Terri Adrenna Ogle.

OPINION

GODDARD, Judge.

This cause was previously before this Court, at which time, in an opinion filed July 23, 1980, we dismissed Ruth Mae Thompson Ogle's appeal challenging the constitutionality of T.C.A. 36–108, for the reason that the constitutional issue could not be raised for the first time on appeal. The Tennessee Supreme Court, by an order filed November 3, 1980, granted Mrs. Ogle's

application for petition to appeal and remanded the cause to this Court to determine whether T.C.A. 36–108 conflicts with the United States Constitution.

The State of Tennessee, Department of Human Services, and James Phillips and wife Barbara, Plaintiffs, filed this suit in the Chancery Court for Sevier County seeking to terminate the parental rights of Ruth Mae Thompson Ogle to her child, Terri Adrenna Ogle, on the grounds of the mother's alleged incompetency. The Chancellor found the Defendant Mrs. Ogle "presently so incompetent and likely to so remain as to be unable to assume the care and responsibility of her minor child," and ordered the Director of the Sevier County Office of the Department of Human Services appointed guardian of the child with the authority to place the child for adoption and to consent to the adoption *in loco parentis*, pursuant to T.C.A. 36–108. The Chancellor further ordered the State to bear the costs of the services of the court reporter at trial and for the preparation of the transcript for appeal.

Mrs. Ogle, through her guardian *ad litem*, appealed from this decision, challenging the constitutionality of T.C.A. 36–108 on the grounds of vagueness, due process, and equal protection. The State appealed the Court's taxing the Department of Human Services with the costs of preparing a transcript for the Defendant's appeal and moved to dismiss Mrs. Ogle's appeal. This Court granted the State's motion to dismiss Mrs. Ogle's appeal for the reason that the constitutional issues had not been argued before the Chancellor, nor passed on by him. We further held that the Chancellor acted outside his statutory authority in ordering the Department of Human Services to pay the cost for preparation of the transcript for Mrs. Ogle's appeal which she prosecuted in *forma pauperis*. However, pursuant to Rule 40(a) of the Tennessee Rules of Appellate Procedure, we exercised our discretionary right to order the State to pay all costs of the cause, including the cost of preparing the transcript. Upon the order of the Tennessee Supreme Court granting Mrs. Ogle's application for permission to appeal and remanding the cause to this Court, the issue of the constitutionality of T.C.A. 36–108 is now before us.

The facts are not in dispute. Ruth Mae Thompson and Warren Ogle were married on October 31, 1965, in Cocke County. There were two children born of the union, Rickey John Ogle, on September 3, 1966, and Terri Adrenna Ogle, on November 14, 1976. Mrs. Ogle has been treated on at least 16 different occasions at Lakeshore Mental Health Institute, and at the time of trial was a patient there. She has been diagnosed as a catatonic schizophrenic. The record indicates that Mr. Ogle had a drinking problem and was prone to beat his wife.

On January 6, 1977, Mr. and Mrs. Phillips were awarded temporary custody of Terri by the Juvenile Court for Sevier County. On September 14, 1978, the parental rights of the Ogles were terminated as to their son, Rickey, in a hearing before the Chancery Court for Sevier County. On March 20, 1979, Mr. Ogle voluntarily surrendered his parental rights to Terri. This suit was filed by the Department of Human Services and Mr. and Mrs. Phillips to vest the power of consent in a guardian so the child could be placed for adoption. The guardian *ad litem* for the child, Terri Ogle, also filed a brief in the Chancery Court, in which he maintained that the termination of Mrs. Ogle's parental rights was in the best interest of the child.

Tennessee Code Annotated 36–108, which is here in issue provides in pertinent part:

> If a parent is incompetent to give consent, then a guardian ad litem shall be appointed for the incompetent parent to give or withhold consent, unless prior thereto in an independent proceeding in the circuit or chancery court a representative of the department of human services or the director of a licensed child-placing agency has been appointed guardian of the person of the child with the authority to consent to the adoption in loco parentis.

The Defendant Mrs. Ogle first contends that this statutory provision is in contraven-

tion of the United States Constitution for the reason that, in granting such broad discretion to the Trial Court to determine competency, the statute is impermissibly vague so as to constitute a denial of due process. In support of this contention, the Defendant cites *Alsager v. District Court of Polk County, Iowa*, 406 F.Supp. 10 (1975), affirmed 545 F.2d 1137 (8th Cir. 1976), wherein the Federal District Court employed the vagueness doctrine as one alternative ground for striking down an Iowa statute governing the termination of parental rights. However, the Eighth Circuit, in affirming that decision, grounded its affirmance solely upon the basis of a denial of procedural due process in that the parents were not given adequate notice of what conduct allegedly warranted such termination. The Court expressly reserved decision on the vagueness and over-breadth attacks upon the facial validity of the statute and on the appropriate standard of proof for a parental termination hearing, preferring to "afford the Iowa courts an additional opportunity to give the statutory provisions a plainly desirable limiting construction." Thus, the *Alsager* decision is not authority for the proposition for which it is cited.

Furthermore, the statute involved in *Alsager* is substantially different from the Tennessee provision challenged here. The Iowa statute granted the court power to terminate parental rights if the parents: had abandoned the child; had "substantially and continuously or repeatedly refused to give the child necessary parental care and protection"; had "substantially and continuously neglected to provide the child with necessary subsistence, education, or other care"; or were "unfit by reason of debauchery, intoxication, habitual use of narcotic drugs, repeated lewd and lascivious behavior, or other conduct found by the court likely to be detrimental to the physical or mental health or morals of the child." Code of Iowa, § 232.41.

The Iowa statute granted the court discretionary power to terminate the parental relationship upon the basis of past conduct of the parents. The Tennessee provision, on the other hand, allows the court, in an independent proceeding, to vest in a guardian authority to consent to an adoption of a child *in loco parentis* upon a finding of incompetency on the part of the parent.

This Court in *State of Tennessee Department of Public Welfare v. Ogle* (unpublished, filed at Knoxville December 28, 1977), an action in which the parental rights of the present Defendant to her elder child were terminated, placed a limiting construction upon T.C.A. 36–108:

> A complaint filed, as in the case at bar, pursuant to T.C.A. 36–108 as amended in 1961 is not an adoption proceedings, but as the statute states it is an "independent proceeding" raising the issue of whether an incompetent parent is presently *so incompetent and likely to so remain, as to be unable to assume the care and responsibility of their minor child* and if so, with the *best interest of the child* paramount, whether or not one of the persons named in the statute should be appointed guardian of the person of the child with authority to consent to the adoption of the child in any later action filed for that purpose. (Emphasis added.)

The dangers in obscure laws, providing the rationale for the vagueness doctrine, are that such laws deny a person the opportunity to know what is prohibited so that he may act accordingly, allow arbitrary and discriminatory enforcement by the absence of explicit standards, and create a chilling effect inhibiting legitimate constitutionally protected activities which border on the prohibited conduct. *Grayned v. City of Rockford*, 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972). The first and third of these reasons disappear when the relevant standard is based on competency rather than conduct.

■■■ On the authority of *Tennessee Department of Public Welfare v. Ogle*, supra, T.C.A. 36–108 permits a trial judge to vest in a guardian the authority to consent to an adoption only upon an independent determination that the parent is "presently so incompetent and likely to so remain, as to be unable to assume the care and responsibility

of their minor child" and that such action is in the best interest of the child. Without in any way intimating that the plain language of the statute is defective, we point out that a state court construction of a statute which restricts a standard to constitutionally permissible bounds can cure a vagueness problem. See *Grayned v. City of Rockford*, supra.

We hold that T.C.A. 36–108 is not unconstitutionally vague. The standard it establishes is as explicit as possible without making the determination rest solely upon some arbitrarily selected manifestations of competency or indications of what is in the best interest of the child. The scope of the judge's discretion is appropriate for achieving a just and proper result. No impermissible conduct is encouraged nor permissible conduct discouraged by the breadth of the trial judge's discretion. We feel the standard is proper for carrying out the state's duty to protect minor children without unnecessarily infringing upon the rights of the parent. See *Stanley v. Illinois*, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1971).

The Defendant next contends that T.C.A. 36–108 violates the Fourteenth Amendment guarantee of procedural due process by not incorporating into the independent competency hearing a requirement on the State to prove that the incompetency has existed for some minimum time period or to establish incompetency by medical or psychiatric testimony. The Defendant does not assert that she was not given sufficient notice of the hearing or sufficient opportunity to be heard. She does not contend that the evidence presented preponderated against the Trial Court's judgment, or even that it would not have satisfied the most stringent standard of proof. In the Defendant's brief she states that the proof offered of her incompetency was found by the Trial Court to be "overwhelming and uncontradicted."

For the foregoing reasons there may be standing problems presented by Mrs. Ogle's challenge. Without addressing that issue, we hold that the requirements under T.C.A. 36–108 of a showing that the parent "is so incompetent and likely to so remain, as to be unable to assume the care and responsibility of their minor child" and that the vesting of consensual authority in a guardian is in "the best interest of the child" satisfy procedural due process requirements. Where the incompetency and interests of the child are contested, a court will doubtless consider the length of the incompetency and any medical or psychiatric testimony, as well as other relevant testimony, in order to determine whether the parent is incompetent and *likely to remain incompetent*, and what is in the best interest of the child. But where the test is competency to care for the child rather than merely mental illness as in *People v. Barger*, 3 Ill.2d 511, 121 N.E.2d 781 (1954), the Constitution does not mandate an arbitrary minimum duration of incompetency, nor does the absence of a statutory directive as to the kind and quality of the evidence render the statute constitutionally defective.

The Defendant's final constitutional attack rests upon equal protection grounds. Asserting that the proper standard for review of the statute is whether the State can demonstrate a compelling state interest, the Defendant cites an empirical study tending to show that it may not be in a child's best interest to remove him from a schizophrenic mother.

The classifications drawn by T.C.A. 36–108 do not discriminate against persons with psychiatric illnesses, but are grounded upon competency *to care for the child* and *the child's best interest*. Even subjected to the strictest scrutiny, the statute is valid because it furthers the State's compelling interest to care for minor children by removing the right to withhold consent to their adoption from parents incompetent to care for them when adoption is in the best interest of the child. In *Alsager*, supra, the District Court stated that where less harm is likely to befall a child by termination of parental rights than would occur absent termination, the state has a compelling interest in curtailing the parent's rights. We hold that T.C.A. 36–108 is drawn so as to further a compelling state interest, and

thus is not in violation of the equal protection clause of the Fourteenth Amendment.

We have the deepest respect for the sanctity of the family and the rights of a parent in regard to a child. However, assuming without deciding that the right of a parent to care for a child is a fundamental right requiring a higher level of constitutional protection, we hold that T.C.A. 36–108 withstands even the strict scrutiny accorded such rights when constitutional challenges are raised.

For the foregoing reasons the appeal of the Defendant is dismissed, and the judgment of the Chancellor is affirmed. The additional costs of this appeal, above those previously adjudged against the State, are taxed to the Defendant Mrs. Ogle.

PARROTT, P. J., and SANDERS, J., concur.