**IN THE COURT OF APPEALS OF TENNESSEE**
**EASTERN SECTION**

**FILED**

**February 10, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | |
|---|---|
| THOMAS DEWAYNE WORLEY, | ) C/A NO. 03A01-9708-JV-00366 |
| | ) |
| Respondent-Appellant, | ) HAMILTON JUVENILE |
| | ) |
| v. | ) HON. SUZANNE BAILEY, |
| | ) JUDGE |
| STATE OF TENNESSEE, | ) |
| DEPT. OF CHILDREN'S SERVICES, | ) AFFIRMED |
| | ) AND |
| Petitioner-Appellee. | ) REMANDED |

LAURIE J. HADWYN, Chattanooga, for Appellant.

JOHN KNOX WALKUP, Attorney General and Reporter, and
DOUGLAS EARL DIMOND, Assistant Attorney General, Nashville, for Appellee.

**O P I N I O N**

Franks, J.

The Juvenile Court terminated Appellant's parental rights to Samantha, pursuant to Tennessee Code Annotated §36-1-113(g)(6).[1] Appellant insists that since his parental rights were terminated solely on the length of his criminal sentence and his daughter's age, his constitutional right to a parental relationship with his daughter are impermissibly abrogated by this statute.

Appellant was sentenced on February 27, 1995 to twenty-five years in

---

[1] The parent has been confined in a correctional or detention facility of any type, by order of the Court as a result of a criminal act, under a sentence of ten (10) or more years, and the child is under eight (8) years of age at the time the sentence is entered by the Court.

prison for second degree murder. Samantha was two years of age at the time the sentence was entered.

The United States Supreme Court has observed that the right and responsibility of a parent to care for and have custody and control of his children is a "fundamental" right. Courts in this State have sometimes characterized the right as "sacred". *See Stanley v. Illinois*, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972). Accordingly, any statute that restricts this right is subject to a "strict scrutiny" analysis of whether the classification is necessary to promote a compelling government interest. *See State Department of Human Services v. Ogle*, 617 S.W.2d 652 (Tenn. App. 1980).

The Tennessee Supreme Court in *State Department of Human Services v. Smith*, 785 S.W.2d 336 (Tenn. 1990), in discussing the statutory scheme for termination of parental rights said at page 338:

> In providing for the removal of custody and for the termination of parental rights the legislature has acknowledged competing interests - the child's need for a permanent, stable and safe environment and the parents' (and the child's) interest in the parent-child relationship - and have decided in favor of the former. In fact, the foster care sections of the statutes, which include termination provisions, are prefaced with a statement of purpose and construction which concludes, "if an early return to the care of their parents is not possible, [the child] will be placed in a permanent home at an early date." T.C.A. §37-2-401(a). And, "[w]hen the interests of a child and those of an adult are in conflict, such conflict is to be resolved in favor of a child, . . .".

The Smith Court went on to hold that if the circumstances that required the removal of the child to foster care cannot be changed and corrected, then the child's welfare requires termination of the parental rights so that the child may be placed in a stable and permanent home.

The statute under attack bears a real and substantial relation to furthering the best interests of children, and such statutes permissibly afford greater protection to the minor's interest than to the rights of a parent. *See In re: R.G.,* 436

2

NY Supp.2d 546 (1980). The legislature has expressed as a compelling state interest that minor children not remain permanently in foster care. T.C.A. §36-1-113.

The appellant, by his own acts, has severely diminished, if not nullified, his ability to discharge his role as a proper parent. When the parenting role is not or cannot be fulfilled, under the doctrine of *parens patriae* the State has a "special duty" to fulfill that role. *See Hawke v. Hawke*, 855 S.W.2d 573 at 580 (Tenn. 1993). The proper parental role in the life of a child under eight years is crucial to the child's welfare, and there is a compelling need for the State to protect the best interests of the child in this regard. The statute under consideration properly addresses and furthers that interest. For a parent who is unable or unwilling to care for the child's best interest, a statute that enables the State to terminate parental rights on these grounds does not violate the process clause of the Constitutions. *See In re: B.*, 460 NYS 2d. 133 (1983).

For the foregoing reasons we affirm the judgment of the Trial Court and remand with costs of the appeal assessed to appellant.

_____
_____
Herschel P. Franks, J.


CONCUR:



_____
Don T. McMurray, J.




_____
Charles D. Susano, Jr., J.

3