IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 30, 2001 Session

# IN RE: T.M. & M.M. v. STATE OF TENNESSEE, DEPARTMENT OF CHILDREN'S SERVICES

**Direct Appeal from the Circuit Court for Blount County**
**No. L-12321     Hon. W. Dale Young, Circuit Judge**

**FILED APRIL 16, 2001**

**No. E2000-01870-COA-R3-CV**

Father sought to recover for childcare services ordered to be furnished by the Department of Children's Services in the Juvenile Court of Sevier County. The Circuit Court dismissed the Petition, but approved an award of attorney fees. On appeal, we affirm in part and reverse in part.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed in part, and Reversed in part.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and CHARLES D. SUSANO, JR., J., joined.

Lance A. Evans, Maryville, Tennessee, for Appellant.

Paul G. Summers, Attorney General and Reporter, and Douglas Earl Dimond, Assistant Attorney General, Nashville, Tennessee, for Appellee.

## OPINION

The genesis of this dispute is an Order entered by the Juvenile Court of Sevier County on February 4, 1997, made in response to the Department's Motion for an Order of Dismissal Without Prejudice of its Petition for an Order of Protective Custody of the minor children. The Court ordered the Petition dismissed and further ordered that the Department was relieved of temporary legal custody of the children, which custody was restored to their father, but the Order then provided: "that the Department of Children's Services shall refer these children for daycare, arranged through and provided by the Department." An Order in the record signed March 17, 1999 by the Juvenile Judge

of Sevier County, recites that the father now lives in Blount County, had moved for a change of venue on a petition for contempt and attorney's fees, and ordered that the matters before the Court be transferred to Blount County Juvenile Court.

In a report filed on July 30, 1999, the Referee of the Juvenile Court of Blount County held in pertinent part that: "[t]he Order of the Juvenile Court of Sevier County, Tennessee, for the hearing on January 14, 1997 and entered on February 4, 1997, was void *ab initio*" and the Department of Children's Services was not obligated to pay the daycare expenses sought. The Juvenile Court of Blount County subsequently confirmed the Referee's findings "in all respects", and on appeal to the Blount County Circuit Court, the Trial Judge dismissed the appeal with prejudice and taxed the cost to the petitioner father.

The Juvenile Court of Sevier County clearly held that the Department was to provide those services to the children, and we are at a loss to understand why the Department did not appeal the ruling, since the only issue before that Court was whether or not to dismiss the Department's Petition. However, we agree with the courts below that on the record, the Juvenile Court of Sevier County acted beyond its jurisdiction to onerate the Department with the childcare expenses.

Tennessee Code Annotated Section 37-1-150(g) provides:

Costs for proceedings under this Title or the cost of the care or treatment of any child which are ordered by the Court shall be paid by the State only when specifically authorized by this Title or other provisions of law.

We find no provisions in that Title or other provisions of law to require the State to pay these expenses ordered by the Juvenile Court of Sevier County. *Accord: State v. Ogle*, 617 S.W.2d 652, 653 (Tenn. Ct. App. 1980).

In the hearing before the Referee for Blount County Juvenile Court, the Referee recommended that the father's attorney be awarded an attorney's fee to be paid by the State, and the Juvenile Judge approved the award of the attorney's fees. On appeal, the State objects to this award, which was apparently made on the basis of the father's counsel's effort to prosecute the contempt action against DCS for not paying the childcare services. We find nothing in the record to support this award, nor has any authority been advanced to require the State to pay this fee. Accordingly, we affirm the Judgment of the Trial Court in part and reverse in part, and remand with cost of the appeal assessed to the appellant.

_____
HERSCHEL PICKENS FRANKS, J.