**In the Interest of J.L.H., d.o.b. 11–09–79, a Child;**

**J.H. and D.A.H., Natural Parents, Appellants.**

No. 68278.

Supreme Court of Iowa.

Nov. 24, 1982.

Gregory C. Nicholas of Beck, Pappajohn, Shriver & Stephenson, Mason City, for appellants.

Thomas J. Miller, Atty. Gen., Brent Hege, Asst. Atty. Gen., and Carlynn D. Reich, Asst. Cerro Gordo County Atty., for appellee.

Considered by LeGRAND, P.J., and UHLENHOPP, HARRIS, McCORMICK, and McGIVERIN, JJ.

McCORMICK, Justice.

The parents appeal from a decree terminating the parent-child relationship between them and their two-year-old son James. They contend the court erred because the petition was filed prematurely and because the State did not sustain its burden of proof. We find no merit in either contention and therefore affirm.

James was born on November 9, 1979. It soon developed that his parents were not providing him with the most basic care. His mother could not or would not feed him properly, establish a routine for him, supervise him, and take him for necessary medical attention. Despite assistance from the department of social services, conditions did not improve. After a medical examination from which it was determined the baby was not developing properly, a proceeding was initiated under section 232.96, Iowa Code (1979), which resulted in an adjudication that he was a child in need of assistance. He was placed in the custody of the department pursuant to section 232.102 by dispositional order entered on January 22, 1981.

The child was placed in foster care, and the department, with the help of a private agency, undertook an extensive and comprehensive effort to educate and train the parents to care for the child. The child was returned to the parents for periodic visits which demonstrated no improvement in their ability to care for him. Finally, on January 13, 1982, a petition for termination of parental rights was filed under the authority of section 232.116(5).

The case was tried on February 4, 1982, and the court entered its decree terminating parental rights on February 8, 1982. The ground of termination was the provision in section 232.116(5) which permits termination when the court finds:

a. The child has been adjudicated a child in need of assistance pursuant to section 232.96; and

b. The custody of the child has been transferred from his or her parents for placement pursuant to section 232.102 for at least twelve months; and

c. There is clear and convincing evidence that the child cannot be returned to the custody of his or her parents as provided in section 232.102.

The parents assert the court could not find the second factual element because the petition was filed nine days before the end of the twelve-month "rehabilitation period." They also attack the sufficiency of the evidence as a whole.

I. *The twelve-month period.* The twelve-month period prescribed in subsection (b) is intended to give parents "an opportunity to remedy the conditions which originally led the court to place custody of the child outside the parental home following a child-in-need-of-assistance (CHINA) adjudication." *In Interest of A.R., K.R., and A.R.,* 316 N.W.2d 887, 888 (Iowa 1982). Expiration of that time is one of the three findings of fact which must be made by the

court before ordering termination of parental rights under section 232.116(5). *Id.*

In arguing that the time must pass before the petition can be filed, the parents elevate the requirement to a jurisdictional prerequisite. We previously rejected that interpretation of the requirement. *Id.* at n. 1. It is sufficient if passage of the twelve-month period is shown by the evidence at the hearing on the petition, and the time continues to run until the hearing.

The parents allege that when the petition is filed before the end of the twelve-month period it interferes with the opportunity of parents to rehabilitate themselves because it requires them to turn their attention to preparing for the hearing. Nothing in the present record supports this claim. We assume that if such a situation should arise it will be disclosed in evidence and will be considered by the court in evaluating the merits of the case. The court will want to be assured that the parents have had a full and fair twelve-month opportunity to remedy the conditions that led to the CHINA adjudication. The parents had such an opportunity in this case.

■ II. *Sufficiency of the evidence.* From our de novo review, we find clear and convincing evidence supports the decree. Despite the massive and prolonged assistance of local agencies, the parents are unfortunately unable to provide James with the minimal care that is necessary for his normal development. If he is to have a chance in life it must be in another setting.

AFFIRMED.