## IN THE COURT OF APPEALS OF IOWA

No. 4-068 / 13-1958
Filed February 19, 2014

**IN THE INTEREST OF A.R.,**
**Minor Child,**

**C.D., Mother,**
        Appellant.

_____

Appeal from the Iowa District Court for Polk County, Constance Cohen, Associate Juvenile Judge.

A mother appeals from the order terminating her parental rights. **AFFIRMED.**

Randall Jackson, Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, Kathrine Miller-Todd, Assistant Attorney General, John P. Sarcone, County Attorney, and Stephanie Brown, Assistant County Attorney, for appellee State.

Michelle Saveraid of the Youth Law Center, Des Moines, for minor child.

Considered by Danilson, C.J., and Vaitheswaran and Mullins, JJ.

**DANILSON, C.J.**

A mother appeals the termination of her parental rights to her child, A.R.[1] The mother refuses to acknowledge the significance of her substance abuse problem and has failed to follow through with services offered to her, even after having her parental rights to her other children terminated. Although the mother was not diagnosed with a mental illness, she has been emotionally distraught and overwhelmed during the proceedings. Unfortunately, she refused therapy to improve her emotional stability and remove this barrier to reunification until after the first day of the termination hearing. The facts support termination, and we affirm.

**I. Background Facts and Proceedings.**

A.R. was born in March 2013, but the Iowa Department of Human Services' (DHS) involvement with the family began in May 2010. The mother's parental rights to her other two children were terminated in December 2012. In the order terminating the mother's parental rights to A.R., the court described the mother's history with the court, noting:

> The protective problems that led to the siblings' removals and subsequent termination of parental rights involved unresolved substance issues, mental health related issues, and criminal conduct. Because these issues were unresolved, and due to circumstances of [A.R.'s] birth, . . . two days after [A.R.'s] birth, the Court signed an order of temporary removal, placing [A.R.] in the temporary legal custody of [his maternal grandparents]. These custodians had subsequently adopted [A.R.'s] two siblings.

---

[1] The parental rights of the father have also been terminated. He does not appeal.

A.R. was adjudicated a child in need of assistance (CINA) in May 2013, pursuant to Iowa Code sections 232.2(6)(c)(2) and (n) (2013). In its findings, the juvenile court stated:

> [The mother] admits having used THC early in her pregnancy (stopping use when learning of her pregnancy), and plans to attend inpatient treatment. The Court is not convinced that she has participated in random drug screens. Her appointments with her probation officer, during which she provides drug screens, are scheduled in advance. She has also missed drug screens, knowing that the Court considers missed screens to be dirty.
> . . . .
> [The mother] is not employed. She donates plasma, earning approximately $60 per week. She lost her phone. She believes she will have a job May 22, but there is no guarantee beyond her perception. She needs to find suitable housing. She refuses to go to a shelter. She still resides at [the father's] mother's home, but she and [the father] are no longer in a relationship.
> . . . .
> The Court terminated the parental rights of [A.R.'s] siblings in December 2012. The parents have made no known progress since that time in resolving the protective problems of unresolved addictions and supervision problem since the siblings' cases closed. Both parents are completely dependent on others to meet their own needs and take no responsibility for their circumstances. [The mother], in particular, was eager to blame others for her failures.

During the course of proceedings, the mother did make some progress, but it was short-lived. She provided DHS with some clean drug screens, but she also missed several drug screens and was unsuccessfully discharged from substance abuse treatment. The mother was able to obtain employment briefly and sporadically, but was unemployed again at the termination hearing in October 2013. Although she was found to be engaging and affectionate with A.R. at the visits she attended, the mother cancelled several scheduled visits due to not feeling well, lack of transportation, and her employment. The frequency of her visits was curtailed due to her failure to attend consistently.

The State filed a petition to terminate the mother's parental rights in August 2013. In October 2013, the juvenile court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(d), (g) and (h). The mother appeals.

## II. Standard of Review.

Our review of termination decisions is de novo. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). We give weight to the juvenile court's findings, especially assessing witness credibility, although we are not bound by them. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). An order terminating parental rights will be upheld if there is clear and convincing evidence of grounds for termination under section 232.116. *Id.* Evidence is "clear and convincing" when there are no serious or substantial doubts as to the correctness of the conclusions of law drawn from the evidence. *Id.*

## III. Discussion.

Iowa Code chapter 232 termination of parental rights follows a three-step analysis. *P.L.*, 778 N.W.2d at 39. The court must first determine whether a ground for termination under section 232.116(1) has been established. *Id.* If a ground for termination has been established, the court must apply the best-interest framework set out in section 232.116(2) to decide if the grounds for termination should result in termination of parental rights. *Id.* Finally, if the statutory best-interest framework supports termination of parental rights, the court must consider if any of the statutory exceptions set out in section 232.116(3) weigh against the termination of parental rights. *Id.*

**A. Grounds for Termination.**

When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the order on any ground we find supported by the record. *D.W.*, 791 N.W.2d at 707. Iowa Code section 232.116(1)(h) provides that termination may be ordered when there is clear and convincing evidence the child is three years of age or younger, has been adjudicated a child in need of assistance, has been removed from the physical custody of the parent for at least six of the last twelve months, and cannot be returned to the parent's custody at the time of the termination hearing.

In this case, the mother claims there was not clear and convincing evidence her parental rights should be terminated under section 232.116(1)(h). She does not dispute that J.N. was three years of age or younger at the time of the hearing and had been adjudicated a child in need of assistance. She does dispute the statutory requirement the child be "removed from the physical custody of the child's parents for at least six of the last twelve months," noting that while A.R. had been removed for six months at the time of the termination hearing, six months had not yet elapsed at the time the petition to terminate was filed. She also argues there was not clear and convincing evidence A.R. could not be returned to her care at the time of the hearing.

We are not persuaded by her argument in regards to the timing of the petition to terminate. As we have stated before, "Iowa law does not require all the grounds for termination to exist at the time the petition is filed." *In re D.M.J.*, 780 N.W.2d 243, 245 (Iowa Ct. App. 2010); *see also In re J.L.H.*, 326 N.W.2d 284, 286 (Iowa 1982). "The law simply requires the court to 'find[ ] that all of the

following have occurred' before issuing its termination order." *D.M.J.*, 780 N.W.2d at 245 (citing Iowa Code § 232.116(1)(h)).

The mother argues there is not clear and convincing evidence A.R. could not be returned to her care at the time of the termination hearing, because she had not provided any positive drug tests and her mental health evaluation did not recommend treatment. Although the mother has not provided any positive drug tests, she has failed to take numerous scheduled tests, even knowing the juvenile court considered those "dirty." Since admitting she smoked marijuana during her pregnancy with A.R., she has been unsuccessfully discharged from substance abuse treatment and refuses to acknowledge any type of addiction or need for help.

Similarly, although the mother contends she does not require any mental health services, she was ordered to attend therapy because of her agitated emotional state throughout the proceedings. The juvenile court noted that the mother "remains emotionally distressed," "is clearly overwhelmed," "continues to struggle to control her emotions," and would become distressed whenever the father's name would be mentioned.[2] Although she completed a mental health evaluation, she did not comply with the court order to attend therapy until after the first day of the termination hearing. Clearly, there remains instability in the mother's emotional state affecting her judgment and reunification. The mother has had the same issues since DHS first became involved with the family in May

---

[2] The juvenile court concluded the mother was codependent with the father and also noted there was "credible evidence that domestic violence has been an issue" between the mother and father.

2010 and has failed to take advantage of the services offered to her to address them.

There is clear and convincing evidence the grounds for termination, pursuant to section 232.116(1)(h), have been met.

**B. Best Interests of the Child.**

Even if a statutory ground for termination is met, a decision to terminate must still be in the best interests of a child after a review of section 232.116(2). *P.L.*, 778 N.W.2d at 37. In determining the best interests of the child, we give primary consideration to "the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional conditions and needs of the child." *See* Iowa Code § 232.116(2).

Throughout the course of the proceedings, the mother has been unable to maintain employment or secure a home. She has missed numerous visits and has been unable to provide stability for A.R. In contrast, A.R.'s grandparents have cared for him since his birth. They have adopted his siblings since the termination of the mother's parental rights to them and have expressed a willingness to adopt A.R. as well.

We agree with the juvenile court that it is in the child's best interests to terminate the mother's parental rights.

**C. Exceptions or Factors against Termination.**

Finally, we consider whether any exception or factor in section 232.116(3) weighs against termination of parental rights. *P.L.*, 778 N.W.2d at 39. The factors weighing against termination in section 232.116(3) are permissive, not mandatory. *See In re D.S.*, 816 N.W.2d 458, 474–75 (Iowa Ct. App. 2011). The

court has discretion, based on the unique circumstances of each case and the best interests of the child, whether to apply the facts in the section to save the parent-child relationship. *D.S.*, 816 N.W.2d at 475.

The mother did not argue any of the exceptions or factors against termination apply in this case. Upon our de novo review, we conclude no exception or factor in section 232.116(3) applies to make termination unnecessary.

## IV. Conclusion.

There is clear and convincing evidence that grounds for termination exist under section 232.116(1)(h), termination of the mother's parental rights is in the child's best interests pursuant to section 232.116(2), and no consequential factor weighing against termination in section 232.116(3) requires a different conclusion. Accordingly, we affirm termination of the mother's parental rights.

**AFFIRMED.**