# IN THE COURT OF APPEALS OF IOWA

No. 14-2144
Filed February 25, 2015

**IN THE INTEREST OF R.S.,**
    **Minor Child,**

**A.S., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Polk County, Romonda Belcher,

District Associate Judge.

A mother appeals from termination of her parental rights.  **AFFIRMED.**

Nancy L. Pietz of Pietz Law Office, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant

Attorney General, John P. Sarcone, County Attorney, and Jon Anderson,

Assistant County Attorney, for appellee.

Karl Wolle of Juvenile Public Defender's Office, Des Moines, attorney and

guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**MULLINS, J.**

The mother appeals the termination of her parental rights to one child, R.S., pursuant to Iowa Code section 232.116(1)(b), (d), (e), and (f) (2013). The mother contends the State failed to prove the statutory grounds for termination, and the juvenile court should have applied the statutory exceptions under Iowa Code section 232.116(3)(a) and (c) to forgo termination.

The State asserts it is "not sure" the mother preserved error on her arguments because she failed to appear at the termination hearing, and her attorney did not offer or object to any evidence, cross-examine any witness, or make any argument on her behalf. The district court ruled on the termination grounds alleged in the petition and found the evidence supported termination under Iowa Code section 232.116(1)(b), (d), (e), and (f). The court further found it was in R.S.'s best interest to terminate parental rights. The court also found the only possible statutory exception to termination was the one set out in section 232.116(3)(a), where a relative has legal custody of the child. The court found the exception did not apply to prevent termination. The mother did not file a motion pursuant to Iowa Rule of Civil Procedure 1.904(2) asking the court to address any additional issue.

Our supreme court has found "the sufficiency of the evidence may be challenged on appeal even though not raised below" in a termination case. *In re A.R.*, 316 N.W.2d 887, 888 (Iowa 1982). Thus, so long as the challenge relates to the sufficiency of the evidence for a finding of the court, we will address it. Nonetheless, where the court fails to make a finding on an issue properly raised

before it, the party is required to make a rule 1.904(2) motion to preserve the issue for appeal. *Id.* at 889. Therefore, we will address the mother's argument that there was insufficient evidence to support termination on the statutory grounds. We will also address the mother's argument that the court erred in finding the statutory exception under section 232.116(3)(a) did not apply. The mother did not at any point raise the issue of the statutory exception under section 232.116(3)(c), nor did the mother file a rule 1.904(2) motion asking the court to address it. As such, she did not preserve error on that issue.

We review termination of parental rights proceedings de novo. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). We give weight to the factual determinations of the juvenile court, especially with regard to witness credibility, but are not bound by them. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). Our primary consideration is the best interest of the child. *Id.* at 776.

We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination. *In re D.W.,* 791 N.W.2d 703, 706 (Iowa 2010). Evidence is clear and convincing when there is no serious or substantial doubt as to the correctness of the conclusions of law drawn from the evidence. *Id.* When the juvenile court orders termination of parental rights on more than one statutory ground, we need only find grounds to terminate on one of the sections to affirm. *In re J.B.L.,* 844 N.W.2d 703, 704 (Iowa Ct. App. 2014). Here, we focus on the evidence related to the court's termination of the mother's parental rights under Iowa Code section 232.116(1)(f).

To terminate parental rights under section 232.116(1)(f), the State must show by clear and convincing evidence the child is four years of age or older; has been adjudicated in need of assistance; has been removed from the physical custody of the parents for at least twelve of the last eighteen months, or the last twelve consecutive months; and there is clear and convincing evidence that at the time of the termination hearing the child could not be returned to the parent's custody. The mother's sole argument with respect to this ground is, "It is clearly in a child's best interest to be placed in the custody of a parent when appropriate." While this may be true generally, the mother makes no attempt to argue the child can be returned to her custody at this time.

The child is nine years old. The juvenile court adjudicated him a child in need of assistance. He has been out of the mother's care for fifteen consecutive months. The child was originally removed from the home due to the mother overdosing on methamphetamine and ecstasy. R.S. was in the home when this occurred and called 911. The court removed R.S. and placed him with his maternal grandparents, where he has lived throughout the case. There is also a history of domestic violence in the home between the mother and her paramour, which R.S. reported observing. The mother has been diagnosed with post-traumatic stress disorder (PTSD) due to her deployment as a soldier in the army.

The court ordered the mother to obtain therapy to address her mental health and domestic violence issues, obtain a substance abuse evaluation and treatment, submit to drug screening, and attend visitations. The mother attempted to address her substance abuse problems on multiple occasions and

repeatedly failed to complete treatment programs. She has been dishonest about the efforts she has made to obtain treatment. On multiple occasions she has declined to take a drug test and admitted it would be positive for illegal substances. The mother has continued having contact with the paramour, violating a no-contact order between them that resulted from a domestic violence incident. She has not sought therapy for her PTSD. She has missed about half her scheduled visitations with R.S. Because of the mother's failure to address any of the issues in her life, the evidence is clear and convincing that R.S. could not be returned to her care at this time. Therefore, the evidence supports termination of the mother's parental rights pursuant to Iowa Code section 232.116(1)(f).

The juvenile court found the only possible statutory exception was the one set out in section 232.116(3)(a) for when a relative has legal custody of the child. The court found because of "the mother's inability or unwillingness to address her mental health, substance abuse and domestic violence issues, this Court cannot find that a use of its discretion is warranted." R.S.'s maternal grandmother has been caring for him since the original removal and for over a year. On our de novo review, we agree with the juvenile court that the mother's lack of progress or expected progress on her mental health, substance abuse, and domestic violence issues support a conclusion that it would not be in R.S.'s best interest to delay his placement in a stable and permanent home because his current placement is a relative.

As discussed above, the mother failed at the termination hearing or in a rule 1.904(2) motion to raise the argument that the court should apply the statutory exception under section 232.116(3)(c) to find that termination would be detrimental due to the closeness of the parent-child relationship. Therefore, she did not preserve the argument and we need not address it. However, given the mother's failure to progress to any degree on her substance abuse, mental health, and domestic violence issues; her failure to appear for half of her scheduled visitations; and because R.S. is doing very well in his maternal grandparents' home, the mother would not prevail in this argument, even if she had preserved it.

**AFFIRMED.**