# IN THE COURT OF APPEALS OF IOWA

No. 18-1246
Filed September 26, 2018

**IN THE INTEREST OF C.H.-B.,**
**Minor Child,**

**A.B., Father,**
        Appellant.
_____

        Appeal from the Iowa District Court for Webster County, Angela L. Doyle, District Associate Judge.


        The father appeals from the termination of his parental rights.  **AFFIRMED.**


        Jessica L. Morton of Bruner, Bruner & Reinhart, LLP, Carroll, for appellant father.

        Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

        Neven J. Conrad of Baker, Johnsen, Sandblom & Lemmenes, Humboldt, guardian ad litem for minor child.


        Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**DANILSON, Chief Judge.**

The father appeals the termination of his parental rights to his child, C.H.-B., born in January 2017.[1] The juvenile court terminated the father's parental rights pursuant to Iowa Code section 232.116(1)(b), (e), (h), and (*l*) (2018). It also found termination was in the child's best interests. When the juvenile court finds more than one ground for termination under section 232.116(1), "we may affirm . . . on any ground we find supported by the record." *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). Upon our de novo review, *see In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018), we find no basis to grant an extension, and find clear and convincing evidence supports termination under section 232.116(1)(h). Therefore, we affirm.

As a preliminary matter, we address the State's contention the father has failed to preserve error. "[T]he general rule that appellate arguments must first be raised in the trial court applies to CINA and termination of parental rights cases." *A.B.*, 815 N.W.2d at 773. Error is not preserved, as is repeatedly claimed in the father's petition on appeal, by filing a timely notice of appeal. *See In re K.W.*, No. 15–0790, 2015 WL 4642786, at *1 (Iowa Ct. App. Aug. 5, 2015); *see also* Thomas A. Mayes & Anuradha Vaitheswaran, *Error Preservation in Civil Appeals in Iowa: Perspectives on Present Practice*, 55 Drake L. Rev. 39, 48 (2006) ("While this is a common statement in briefs, it is erroneous, for the notice of appeal has nothing to do with error preservation." (footnote omitted)).

Nevertheless, sufficiency of evidence sustaining any finding may be challenged on appeal from judgment following a bench trial even though the point

---

[1] The mother's parental rights were also terminated. She consented to termination and does not appeal.

was not raised in the trial court. *In re A.R.*, 316 N.W.2d 887, 888 (Iowa 1982). This is mandated by Iowa Rule of Civil Procedure 1.904(1). Thus, error is preserved on the father's claims that there was insufficient evidence to sustain the court's finding that grounds for termination existed.

The child came to the attention of the department of human services (DHS) a week after he was born when the child's umbilical-cord-blood drug screen was positive for THC. Following his premature birth, the child remained hospitalized for nearly four months, and at the time of trial the child continued to receive medical care related to his premature birth. The child was discharged to his parents' care in May 2017. Roughly two weeks after the child was discharged, DHS learned of domestic violence and methamphetamine use in the home, and the parents signed a voluntary placement agreement. The child was placed in foster care, where he continues to reside. The child was adjudicated a child in need of assistance (CINA) in June 2017, and the juvenile court ordered temporary custody be placed with DHS. The removal continued after the dispositional hearing held in July 2017.

The trial on the State's petition was held on June 7 and 13, 2018. On appeal the father argues there was not clear and convincing evidence for any of the four grounds under which the court terminated his parental rights. Under Iowa Code section 232.116(1)(h), the court may terminate the rights of a parent to a child if: (1) the child is three years old or younger; (2) the child has been adjudicated a CINA under section 232.96; (3) the child has been out of the parent's custody for at least six of the last twelve months, or the last six consecutive months and any trial period at home has been less than thirty days; and (4) "[t]here is clear and

convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time."

There is no question the child meets the first three requirements. It is uncontested he was under the age of three at the time of trial, had been adjudicated a CINA in June 2017, and had been out of the custody of his parents since May 2017.

Here, despite more than a year of services, the father was still not in a position to care for the child without ongoing DHS involvement. The evidence supports the juvenile court's conclusions,

> [The father] has also not made reasonable efforts to resume care of the child despite being given the opportunity to do so. He denies his mental health diagnosis and has not obtained therapy. He actively used marijuana and methamphetamine during the pendency of the CINA proceeding until his arrest on February 11, 2018. [The father] did nothing to resume care of the child over the ten-month period from the removal until his incarceration in the residential correctional facility. Even with the structured environment of the residential correctional facility, he has missed visitation with the child, been unprepared for visitation and failed to complete the [Iowa Domestic Abuse Program] classes. He does not have a home and the only job he has held over the pendency of the proceedings is part-time with very limited hours and insufficient means to support himself and the child.

The juvenile court also observed that the father failed to maintain significant contact with the child,

> [The father] did not have contact with the child from May 19, 2017, until July 5, 2017. He did not see the child for seven months, from August 14, 2017, until March 26, 2018. Since his placement at the residential correctional facility in March of 2018, [the father] has been offered two supervised visits each week. He missed four of the last ten visits and attempted to cancel another visit by falsely reporting that he had a dental appointment.

Moreover, the father did not know how many medical appointments the child had each month, nor which doctors the child continued to see. The father was simply not in a position to provide for the child's physical and medical needs. Although

we commend the father for his recent efforts to maintain sobriety, address his mental health, secure employment, and find housing, we conclude there is clear and convincing evidence the child could not be returned to the father's custody at the time of trial.

Because there is clear and convincing evidence supporting termination under section 232.116(1)(h), we need not address the other grounds. *See A.B.*, 815 N.W.2d at 774.

We also agree the child's best interests lie in the termination of the father's parental rights.[2] The father asserts termination is not in the child's best interests because the father is bonded to the child and has improved his life to be reunified with the child. The father claims depriving the child of the opportunity to live with a biological parent is not in the child's best interests.

When determining if a termination of parental rights is in the best interest of the child pursuant to Iowa Code section 232.116(2), the court is to "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." S*ee also In re P.L.*, 778 N.W.2d 33 (Iowa 2010). It is well-settled that under this standard the court "cannot deprive a child of permanency after the State has proven a ground for termination . . . by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014).

---

[2] The State contends error is not preserved on this issue because the father did not argue at trial that termination was not in the child's best interests. The juvenile court is required to decide whether termination is in the best interests of the child, regardless of whether the parent contests the issue. Iowa Code § 232.116(2); *A.B.*, 815 N.W.2d at 776.

The child is in a safe and stable home. His foster parents have provided for his physical, mental, emotional, and extensive medical needs. They have acted as the child's parents for most of the child's life, and the child is bonded to them. They intend to adopt him. Although the father has made some progress in his sobriety and in building a more stable life, we cannot deprive the child of permanency for the hope the father will someday learn to parent and provide a stable home. Termination of the father's parental rights is in the child's best interests.

With respect to the father's request for an additional six months, in order to grant such an extension, section 232.104(2)(b) requires that the juvenile court be able to "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." Although the father did make some limited progress, he acknowledged that he only became serious in his recovery after he was served with the petition to terminate his parental rights. This period of making a genuine effort was short in length as the termination hearing was held about six weeks after the petition was filed. During the prior sixteen months, the father's efforts were nominal and inconsistent. His progress occurred while he resided in a residential facility and attempting to comply with conditions of probation. The father has a long history of drug use and previously had his parental rights to another child terminated. We cannot say the issues that led to removal will no longer exist if the father is given a six-month extension. The child is in a safe and nurturing environment with the foster parents. We decline to grant an extension.

Because there is clear and convincing evidence to support termination, termination is in the child's best interests, and there is no basis to support an extension, we affirm the termination of the father's parental rights.

**AFFIRMED.**